STATE OF NORTH CAROLINA v. PARISH DOIR REINHARDT

No. COA06-59

(Filed 15 May 2007)

**Probation and Parole— probation revocation—expiration of probation—subject matter jurisdiction**

The trial court lacked subject matter jurisdiction to revoke defendant's probation and to activate his suspended sentence on 21 April 2005, because: (1) except as provided in N.C.G.S. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term; (2) N.C.G.S. § 15A-1344(d) provides that a trial court can only extend probation prior to the expiration or termination of the probation period; and (3) there was no finding by the court that there was a reasonable effort to notify the probationer and conduct the hearing earlier.

Appeal by defendant from judgment entered 21 April 2005 by Judge Kimberly S. Taylor in Iredell County Superior Court. Heard in the Court of Appeals 6 February 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Bertha L. Fields, for the State.*

*Eric A. Bach, for defendant-appellant.*

STEELMAN, Judge.

Where defendant's probation was improperly extended by an earlier order, the trial court was without jurisdiction to revoke defendant's probation. Judgment vacated.

## I. Facts

On 26 November 2001, defendant pled guilty in Forsyth County to conspiracy to commit armed robbery and was sentenced to 15-27 months imprisonment. The trial court suspended the sentence, placing defendant on supervised probation for twenty-four months, to expire on 26 November 2003. Defendant's probation was transferred from Forsyth County to Guilford County. On 7 November 2003, defendant's probation officer signed a probation violation report alleging several violations of the terms and conditions of defendant's probation.

On 1 June 2004, in Guilford County, Judge Henry E. Frye, Jr. found defendant "willfully and without legal excuse" violated each condition of probation as alleged in the November 2003 report. Pursuant to N.C. Gen. Stat. § 15A-1344, Judge Frye entered an order imposing fifty hours of community service and extending defendant's probation through 31 May 2005.

Defendant's probation was subsequently transferred to Iredell County. On 24 February 2005, and 14 March 2005, defendant's probation officer filed probation violation reports. On 21 April 2005, a probation revocation hearing was held in Iredell County Superior Court. Judge Kimberly S. Taylor found that defendant had willfully violated five conditions of probation, revoked defendant's probation, and activated defendant's suspended sentence. Defendant appeals.

## II. Analysis

In his sole argument on appeal, defendant contends that the trial court lacked jurisdiction to revoke his probation and activate his suspended sentence on 21 April 2005. Based upon the clear language of the statute and binding case authority, we are compelled to agree.

A trial court must have subject matter jurisdiction over a case in order to act in that case. *In re N.R.M.*, 165 N.C. App. 294, 297, 598 S.E.2d 147, 149 (2004). In this case, defendant did not raise the issue of subject matter jurisdiction before the trial court. However, a defendant may properly raise this issue at any time, even for the first time on appeal. *State v. Bossee*, 145 N.C. 579, 59 S.E. 879 (1907); *see also State v. Price*, 170 N.C. App. 57, 63, 611 S.E.2d 891, 895 (2005).

## A. Jurisdiction in Probation Cases

It is well settled that " '[a] court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute.' " *State v. Burns*, 171 N.C. App. 759, 760, 615 S.E.2d 347, 348 (2005) (quoting *State v. Hicks*, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001)).

Article 82 of Chapter 15A of the North Carolina General Statutes governs probation. N.C. Gen. Stat. § 15A-1344(d) sets forth the procedures for extending probation in the event of a probation violation:

At any time prior to the expiration or termination of the probation period, the court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed under G.S. 15A-1342(a) and may modify the conditions of

STATE v. REINHARDT

[183 N.C. App. 291 (2007)]

probation . . . If a convicted defendant violates a condition of probation at any time prior to the expiration or termination of the period of probation, the court, in accordance with the provisions of G.S. 15A-1345 . . . may revoke the probation and activate the suspended sentence imposed at the time of initial sentencing, if any. . . .

Except as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term. *State v. Camp*, 299 N.C. 524, 527-28, 263 S.E.2d 592, 594-95 (1980).

Under N.C. Gen. Stat. § 15A-1344(f) (2005), revocation may occur after expiration if:

1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

In the recent case of *State v. Bryant*, our Supreme Court held that a trial court lacked subject matter jurisdiction to revoke probation and activate a suspended sentence when the probation revocation hearing was held seventy days after the term of probation had expired. *State v. Bryant*, 361 N.C. 100, 637 S.E.2d 532 (2006). The Court held the plain language of N.C. Gen. Stat. § 15A-1344(f)(2) "requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revocation hearing during the period of probation set out in the judgment and commitment." *Bryant*, at 102-03, 637 S.E.2d at 534.

### B. Application

In the instant case, defendant's original probation period expired 26 November 2003. On 7 November 2003, defendant's probation officer in Guilford County signed a violation report. There was no hearing on these violations until 1 June 2004, over seven months after the probation had expired.

Under the plain language of G.S. § 15A-1344(d), a trial court can only extend probation "prior to the expiration or termination of the probation period." There is no provision in the statute that allows for the extension of probation after the original term has expired.

**STATE v. REINHARDT**

[183 N.C. App. 291 (2007)]

Even if we treat the hearing in front of Judge Frye on 1 June 2004 as a revocation proceeding, rather than an extension proceeding, there is still no jurisdiction. Revocation hearings may only be held after the expiration of a term of probation where the two conditions set forth in N.C. Gen. Stat. § 15A-1344(f) are met. In this case, there was no finding by the court that there was a "reasonable effort to notify the probationer and conduct the hearing earlier." Under the controlling rationale of *Bryant*, we are compelled to hold that Judge Frye was without jurisdiction to extend the term of defendant's probation on 1 June 2004. Thus, the trial court was without jurisdiction to revoke his probation on 21 April 2005.

" 'When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' " *State v. Crawford*, 167 N.C. App. 777, 779, 606 S.E.2d 375, 377 (2005) (quoting *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981)). Applying the holdings of prior case law and the binding precedent of *Bryant*, the subsequent revocation of defendant's probation and activation of his suspended sentence was in error because the trial court was without jurisdiction.

We further note from the record that Judge Taylor could not have been aware of the jurisdictional defect for two reasons. First, defendant did not raise this issue at the probation revocation hearing. Second, the record does not disclose that the documents concerning the proceedings in Guilford County were before the trial court.

JUDGMENT VACATED.

Judges WYNN and JACKSON concur.