**IN RE K.W.**

[191 N.C. App. 812 (2008)]

IN THE MATTER OF: K.W.

No. COA07-1472

(Filed 5 August 2008)

**Juveniles— delinquency—subject matter jurisdiction—failure
to file petitions within mandatory period**

The trial court lacked subject matter jurisdiction in a juvenile
delinquency case arising out of injury to personal property, and
the judgment is vacated, because: (1) the juvenile court counselor
failed to file the petitions within the period mandated by N.C.G.S.
§ 7B-1703(b); and (2) although the statute allows an extension of
fifteen additional days at the discretion of the chief court coun-
selor, the record failed to demonstrate that the chief court coun-
selor granted such an extension.

Appeal by juvenile from an order entered 5 September 2007 by
Judge John B. Carter, Jr. in Robeson County District Court. Heard in
the Court of Appeals 1 April 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney
General Daniel S. Hirschman, for the State.*

*Richard Croutharmel, for juvenile respondent-appellant.*

JACKSON, Judge.

K.W. ("the juvenile") appeals from an order of the trial court
entered 5 September 2007 adjudicating the juvenile delinquent. For
the following reasons, we vacate the 5 September 2007 order.

The instant case involves injury to personal property—two
automobiles owned by Lady Cummings—on 13 May 2007, with which
the juvenile was charged. The matter was referred to the North
Carolina Department of Juvenile Justice and Delinquency Preven-
tion. The juvenile court counselor prepared petitions, which were
verified by the investigating officer on 26 June 2007, and received by
the juvenile court counselor for review that same date. The juvenile
court counselor filed the petitions on 12 July 2007, sixteen days after
they were verified.

On 5 September 2007, the trial court adjudicated the juvenile
delinquent and ordered the juvenile (1) to be placed on twelve
months of juvenile probation; (2) to cooperate with services recom-
mended by the juvenile court counselor; (3) to pay $500.00 in restitu-

tion if he qualifies and is eligible for the restitution program; (4) not to have contact with Lady Cummings, or Amy Cummings and Howard Pearce (two additional witnesses who were in Lady Cummings' home at the time of the vandalism), or their real or personal property; and (5) to submit to drug and alcohol testing. The juvenile filed timely notice of appeal.

On appeal, the juvenile first contends that the trial court lacked subject matter jurisdiction to adjudicate him delinquent on the grounds that the juvenile court counselor failed to file the petitions within the period mandated by statute. We agree.

"The timely filing of a petition seeking judicial action is jurisdictional." *In re J.B.*, 186 N.C. App. 301, 303, 650 S.E.2d 457 (2007). "In reviewing a question of subject matter jurisdiction, our standard of review is *de novo*." *In re K.A.D.*, 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007). With respect to delinquency actions, this Court recently explained that:

> The pleading in a juvenile action is the petition alleging delinquency or dependency. An action in juvenile court is commenced by the filing of a petition in the clerk's office or by a magistrate's acceptance of a petition for filing when the clerk's office is not open. When a juvenile court counselor receives a complaint regarding a juvenile, the counselor is required to evaluate the complaint and determine whether a petition should be filed. The counselor is required to make this determination within fifteen days of receipt of the complaint, with an extension for a maximum of fifteen additional days at the discretion of the chief court counselor, thereby giving the counselor a maximum total of thirty days. [I]f the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. Thus, the petition must be filed within, at a maximum, thirty days after receipt of the complaint.

*J.B.*, 186 N.C. App. at 302, 650 S.E.2d at 458; *see also* N.C. Gen. Stat. § 7B-1703 (2007).

In the instant case, the petitions were filed sixteen days after the juvenile court counselor received the complaint—one day beyond the statutory fifteen days mandated by North Carolina General Statutes, section 7B-1703(b). Although the statute allows an exten-

sion of fifteen additional days at the discretion of the chief court counselor, *see Id.*, the record in the instant case fails to demonstrate that the chief court counselor granted such an extension.

One of the stated purposes of our Juvenile Code is: "To provide uniform procedures that assure fairness and equity; that protect the constitutional rights of juveniles, parents, and victims; and that encourage the court and others involved with juvenile offenders to proceed with all possible speed in making and implementing determinations required by this Subchapter." N.C. Gen. Stat. § 7B-1500(4) (2008). Concerning the evaluation of complaints filed in juvenile court, the Juvenile Code mandates:

> (a) The juvenile court counselor shall complete evaluation of a complaint within 15 days of receipt of the complaint, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall decide within this time period whether a complaint shall be filed as a juvenile petition.

> (b) Except as provided in G.S. 7B-1706 [which is not relevant to the instant case], if the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall assist the complainant when necessary with the preparation and filing of the petition, shall include on it the date and the words "Approved for Filing", shall sign it, and shall transmit it to the clerk of superior court.

N.C. Gen. Stat. § 7B-1703 (2008). Failure to comply with the requirements of this statute divests the trial court of jurisdiction, and thus any order of disposition entered following a violation of the requirements of section 7B-1703 must be vacated. *J.B.*, 186 N.C. App. at 302-03, 650 S.E.2d at 458.

The State argues that because the petition was filed within thirty days of the receipt of the complaint, the trial court had jurisdiction to decide the matter. The State's position would require us to presume the chief juvenile court counselor exercised his or her discretion to extend the fifteen-day period mandated by the statute to the maximum thirty-day period allowed by the statute with no evidence to support that presumption. Were we to adopt the State's reading of section

7B-1703, and presume a proper exercise of discretion without any proof of such, and thus without any means of determining whether that discretion has been abused, we would eviscerate the language of 7B-1703 mandating the filing of the petition within fifteen days of filing the complaint. The State's interpretation effectively would extend the fifteen-day mandate to thirty days, without any means to check the chief counselor's discretion, in contravention of the express language of 7B-1703.

We must give full effect to the plain language of a statute. *In re R.L.C.*, 361 N.C. 287, 292, 643 S.E.2d 920, 924 (2007) (citations omitted). Furthermore, in interpreting a statute, we must presume the legislature meant for every word and provision to have meaning, and that our interpretation, if possible, does not render any provision meaningless. *In re Robinson*, 172 N.C. App. 272, 275, 615 S.E.2d 884, 887 (2005) (citations omitted).

Construing 7B-1703 in its entirety, as we must, we hold that the chief juvenile court counselor is required to provide some indication that he or she properly exercised discretion in extending the fifteen-day period mandated to the thirty-day maximum, and do so in a manner which allows the trial and appellate courts of this state some meaningful review of that decision. Because the juvenile court counselor failed to file the petition within the fifteen-day period following the filing of the complaint as mandated by 7B-1703, the trial court lacked jurisdiction to decide this matter. We must, therefore, vacate the disposition order entered in the instant case.

VACATED.

Judges WYNN and BRYANT concur.