IN THE MATTER OF: S.A.J.
No. COA09-339.
Court of Appeals of North Carolina.
Filed October 20, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Lotta A. Crabtree, for the State.
Geeta Kapur for juvenile-appellant.
WYNN, Judge.
Where a juvenile court counselor determines that a complaint should be filed as a juvenile delinquency petition, the petition must be filed within fifteen days of the complaint's receipt.[1] Here, S.A.J., a juvenile, appeals from the 26 August 2008 order extending his probation, arguing that the trial court lacked the subject matter jurisdiction to issue its order because the underlying juvenile delinquency petition was not timely filed. Because we find that the juvenile delinquency petition was not filed within fifteen days of receiving the complaint as required by statute, we vacate the trial court's order.
On 30 November 2007, the Burke County juvenile court counselor filed a petition alleging that S.A.J. was delinquent for creating an affray at Burke Alternative School on 18 October 2007. The trial court conducted a hearing on 10 January 2008, and entered adjudication and disposition orders on 15 January 2008. S.A.J. admitted to the offense, and the trial court adjudicated S.A.J. delinquent. In the disposition order, the trial court placed S.A.J. on probation for six months. The Burke County District Court then transferred the file to McDowell County, where S.A.J. resided.
On 24 June 2008, the McDowell County juvenile court counselor's office filed a motion for review to extend S.A.J.'s probation. On 3 July 2008, the court counselor's office filed a second motion for review. The trial court conducted a hearing on both motions and entered adjudication and disposition orders on 26 August 2008. In the adjudication order, the trial court found S.A.J. to be in willful violation of probation by violating the curfews established by the terms of his probation. At disposition, the trial court extended S.A.J.'s probation for a period of twelve months. S.A.J. gave timely notice of appeal in open court.
S.A.J. appeals, arguing that the trial court lacked subject matter jurisdiction to enter the adjudication and disposition orders because the petition alleging delinquency was not timely filed pursuant to section 7B-1703(b). The State agrees, conceding to the trial court's lack of subject matter jurisdiction.
We note that "`[t]he timely filing of a petition seeking judicial action is jurisdictional.'" In re K.W., 191 N.C. App. 812, 813, 664 S.E.2d 66, 67 (2008) (quoting In re J.B., 186 N.C. App. 301, 303, 650 S.E.2d 457, 458 (2007)). Although S.A.J. did not raise this issue in the trial court, jurisdictional issues may be raised for the first time on appeal. In re Triscari Children, 109 N.C. App. 285, 288, 426 S.E.2d 435, 437 (1993). Further, our review of questions of subject matter jurisdiction is de novo. In re K.A.D., 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007).
Our Court has recently explained the requirements for timely filing a petition in juvenile delinquency actions:
When a juvenile court counselor receives a complaint regarding a juvenile, the counselor is required to evaluate the complaint and determine whether a petition should be filed. Id. The counselor is required to make this determination within fifteen days of receipt of the complaint, with an extension for a maximum of fifteen additional days at the discretion of the chief court counselor, thereby giving the counselor a maximum total of thirty days. N.C. Gen. Stat. § 7B-1703(a) (2005). "[I]f the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor." N.C.G.S. § 7B-1703(b) (2005). Thus, the petition must be filed within, at a maximum, thirty days after receipt of the complaint.
J.B., 186 N.C. App. at 302-303, 650 S.E.2d at 458. Although section 7B-1703 provides for a fifteen day extension, "the chief juvenile court counselor is required to provide some indication that he or she properly exercised discretion in extending the fifteen-day period mandated to the thirty-day maximum, and do so in a manner which allows . . . meaningful review of that decision." K.W., 191 N.C. App. at 815, 664 S.E.2d at 68.
Here, the petition contains a stamp indicating that the juvenile court counselor received the complaint on 5 November 2007. However, the juvenile petition was not approved by the court counselor and filed until 30 November 2007, at least ten days beyond the fifteen-day period mandated by § 7B-1703(b). Further, the record on appeal contains no "indication that [the court counselor] properly exercised discretion in extending the fifteen-day period mandated to the thirty-day maximum." Id. Without any such showing, we must conclude that the trial court lacked subject matter jurisdiction over the case when it enter the 15 January 2008 order. Consequently, the trial court also lacked subject matter jurisdiction to enter the subsequent adjudication and disposition orders on 26 August 2008, related to S.A.J.'s probation violation. See State v. Reinhardt, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007) ("A trial court must have subject matter jurisdiction over a case in order to act in that case."). Accordingly, the order appealed from is vacated.
Vacated.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 7B-1703(b) (2007).