IN THE MATTER OF: N.S.H.
No. COA09-371.
Court of Appeals of North Carolina.
Filed November 17, 2009.
This case not for publication
Attorney General Roy A. Copper, III, by Assistant Attorney General Daniel S. Hirschman, for the State.
Richard Croutharmel, for respondent-juvenile-appellant.
JACKSON, Judge.
N.S.H. appeals the 30 October 2008 order adjudicating him delinquent for breach of the peace. For the reasons set forth below, we affirm.
On 30 May 2008, an unnamed Macon County Deputy Sheriff ("the deputy") responded to a disturbance at Franklin High School, where a large group of students gathered in front of the high school parking lot. Once the students were dispersed, N.S.H. confronted Gary Shields ("Shields"), the principal of Franklin High School, by using abusive language. Later that same day the deputy submitted a juvenile complaint to the Macon County Clerk's Office. On 4 June 2008, the complaint was assigned to juvenile intake counselor Dianne Whitman ("Whitman"). On 13 June 2008, Whitman requested and received a fifteen-day extension to file the juvenile petition from the Chief Court Counselor, Chuck Mallonee, through the computer system known as "NC Join." On 16 June 2008, after receiving the confirmation of the extension, Whitman filed the petition.
On 21 August 2008, the trial court conducted the adjudication hearing. At the hearing, N.S.H. admitted that he had committed the offense of disturbing the peace, a Class III misdemeanor. Also at the hearing, N.S.H. stipulated that a factual basis existed for the plea and waived a formal reading. The deputy provided a brief narrative of the underlying facts that took place on 30 May 2008. N.S.H. was given an opportunity to cross-examine the deputy but elected not to do so. The trial court then accepted N.S.H.'s admission, adjudicated him delinquent, and continued disposition until 26 September 2008.
On 26 September 2008, the court reconvened for final disposition, and N.S.H. moved to dismiss the action based upon lack of subject matter jurisdiction due to an untimely filed juvenile petition. In response, the State moved the trial court to continue the hearing on the motion and the disposition until 30 October 2008. The trial court granted the State's motion, and at the disposition hearing on 30 October 2008, N.S.H. alleged that the Macon County Department of Juvenile Justice and Delinquency Prevention ("DJJDP") received the complaint on 30 May 2008 but failed to file the petition until 16 June 2008, and that there was no record evidence of an extension. The State offered Whitman's testimony and an authenticated document to verify that she had requested and received an extension to file the petition back on 13 June 2008. After hearing all of the evidence, the trial court denied N.S.H.'s motion to dismiss and entered a disposition order requiring N.S.H. to complete forty-five hours of community service and other court-approved requirements. N.S.H. appeals.
On appeal, N.S.H. first contends that the trial court lacked subject matter jurisdiction to adjudicate him delinquent on the grounds that the juvenile court counselor failed to file the petition within the statutorily required time limit. We disagree.
It is well-settled that subject matter jurisdiction "refers to the power of the court to deal with the kind of action in question" and "is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). "In reviewing a question of subject matter jurisdiction, our standard of review is de novo." In re K.A.D., 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007) (citations omitted).
In the instant case, North Carolina General Statutes, section 7B-1703 requires the court counselor to file the juvenile petition within fifteen days after the complaint is received. See N.C. Gen Stat. § 7B-1703 (2007). In addition, section 7B-1703 allows for an extension period of an additional fifteen days within which to file the petition at the discretion of the chief court counselor, thereby giving the counselor a maximum of thirty days to file the petition after receipt of the complaint. Id.
N.S.H. contends that the trial court lacked subject matter jurisdiction and cites In re K.W., 191 N.C. App. 812, 664 S.E.2d 66 (2008), in support of his contention. Specifically, N.S.H argues that absent any record evidence of an extension of time within which to file the juvenile complaint as a petition, the trial court is divested of subject matter jurisdiction. We are not persuaded.
In In re K.W., the petition was filed sixteen days after the juvenile complaint was received by the court counselor, in contravention of North Carolina General Statutes, section 7B-1703(b). In re K.W., 191 N.C. App. at 813-14, 664 S.E.2d at 68. Furthermore, we explained that "the record . . . fail[ed] to demonstrate that the chief court counselor granted such an extension." Id. We held that the failure to comply with the statute divested the trial court of jurisdiction and vacated the disposition. In re K.W., 191 N.C. App. at 815, 664 S.E.2d at 68-69. In the case sub judice, the record clearly illustrates that there was a valid, timely extension to file the petition, dated 13 June 2008. On 30 May 2008, the deputy filed the complaint against N.S.H. with the Macon County District Court. Fourteen days later, on 13 June 2008, Whitman requested and received an extension to file the petition from the chief court counselor as required by section 7B-1703. See N.C. Gen. Stat. § 7B-1703 (2007). On 16 June 2008, after receiving a timely extension, Whitman filed the petition against N.S.H. Accordingly, we hold that the trial court properly exercised subject matter jurisdiction.
Next, N.S.H. argues that the trial court erred in permitting Judge Davis to preside over the hearing on 30 October 2008 to determine whether the trial court lacked subject matter jurisdiction. N.S.H. contends that only Judge Leslie had the authority to hear the evidence regarding the extension, since Judge Leslie was the judge who initially entered the adjudication order and continued disposition. We disagree.
It is well-settled that "every court necessarily has inherent judicial power to inquire into, hear, and determine the questions of its own jurisdiction . . . ." Burgess v. Gibbs, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964). Furthermore, lack of subject matter jurisdiction may be considered "at any stage" in the proceeding. Id.
In the instant case, on 21 August 2008, Judge Leslie adjudicated N.S.H. delinquent and continued disposition until 26 September 2008. On 26 September 2008, N.S.H. made a motion to dismiss arguing the untimely filing of the juvenile petition. The State was granted a continuance until 30 October 2008 in order to have a hearing on the merits of the motion to dismiss. At no time during these events was the disposition deemed a final judgment by the trial court. Therefore, on 30 October 2008, the trial court, presided over by Judge Davis, had the authority to determine whether the trial court had subject matter jurisdiction to adjudicate N.S.H. delinquent. Accordingly, we hold that, based upon the timely filed extension, the trial court properly exercised subject matter jurisdiction at the time the court accepted N.S.H.'s admission of delinquency on 21 August 2008.
Next, N.S.H. contends that the trial court lacked a factual basis to accept his delinquency admission on 21 August 2008. N.S.H. argues that because the deputy provided unsworn testimony as the factual basis for N.S.H.'s admission, that the court failed to comply with North Carolina General Statutes, section 7B-2407, and therefore, the court lacked an adequate factual basis to accept his admission. N.S.H. relies upon State v. Agnew, 361 N.C. 333, 643 S.E.2d 581 (2007), for his argument that the trial court lacked a factual basis to accept his admission. However, we disagree with N.S.H.'s interpretation of Agnew and believe the facts in the instant case are distinguishable. Therefore, we affirm the trial court's determination that a factual basis existed to accept N.S.H.'s admission and hold that the trial court's acceptance of N.S.H.'s admission based upon his stipulation to a factual basis was sufficient notwithstanding that the stipulation was to a statement of the facts provided in unsworn testimony.
North Carolina General Statutes, section 7B-2407 provides four ways to establish the factual basis whereby the court may accept a juvenile's plea of delinquency. In relevant part, section 7B-2407(c) provides:
The court may accept an admission only after determining that there is a factual basis for the admission. This determination may be based upon any of the following information: a statement of the facts by the prosecutor; a written statement of the juvenile; sworn testimony which may include reliable hearsay; or a statement of facts by the juvenile's attorney.
N.C. Gen. Stat. § 7B-2407(c)(3) (2007).
Here, N.S.H. stipulated to the deputy's unsworn testimony. After the deputy provided the statement of facts, N.S.H. declined the opportunity to cross-examine the deputy to test his veracity or the accuracy and sufficiency of his statement of the facts. N.S.H. waived a formal reading, and the trial court accepted N.S.H.'s admission. It was not until this appeal that N.S.H. expressed any concern with respect to the trial court's acceptance of his admission.
In Agnew, the defendant pleaded guilty to feloniously trafficking cocaine. Agnew, 361 N.C. at 334, 643 S.E.2d at 582. The trial court found a factual basis supporting the guilty plea based upon the transcript of plea and a stipulation to the facts contained therein by the defendant's attorney. Id. However, the Supreme Court of North Carolina, interpreting North Carolina General Statutes, section 15A-1022(c), determined that the "transcript, defense counsel's stipulation, and the indictment taken together did not contain enough information for an independent judicial determination of defendant's actual guilt[.]" Agnew, 361 N.C. at 337, 643 S.E.2d at 584.
We believe Agnew is distinguishable from the instant case because the trial court in Agnew had no testimonial evidence to provide the court with an adequate factual basis to accept the defendant's guilty plea. Agnew, 361 N.C. at 337, 643 S.E.2d at 584. In the instant case, the deputy provided uncontested testimony providing the factual basis for the trial court to accept N.S.H.'s admission. Unlike Agnew, we hold that the deputy's testimony "contain[ed] enough information for an independent judicial determination" of N.S.H.'s actual delinquency. Agnew, 361 N.C. at 337, 643 S.E.2d at 584.
In Agnew, the Court ultimately was concerned with the protection of the constitutional rights of criminal defendants. Agnew, 361 N.C. at 335, 643 S.E.2d at 583. The Court explained that, because a guilty plea waives certain fundamental constitutional rights, the legislature enacted certain statutes to ensure guilty pleas are informed and voluntary. Id. Taking Agnew into consideration, we hold that the trial court did not err by accepting N.S.H.'s delinquency admission because the trial court had sufficient sources to provide the court with an adequate factual basis to accept N.S.H.'s admission, including (1) the deputy's testimony, albeit unsworn; (2) the stipulation to the deputy's testimony by N.S.H.'s trial counsel; (3) the opportunity, which was declined, for N.S.H. to cross-examine the deputy; and (4) N.S.H.'s waiver of a formal reading. We believe that these bases taken together with North Carolina General Statutes, section 7B-2407 satisfy the concerns expressed by the Court in Agnew with respect to safeguarding N.S.H.'s constitutional rights and ensuring that N.S.H.'s admission was both informed and voluntary.
Furthermore, according to Black's Law Dictionary, a stipulation is a "voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties . . . ." Black's Law Dictionary 1550 (9th ed. 2009). Therefore, when N.S.H. stipulated to the deputy's testimony, he was entering a voluntary agreement with the prosecutor. Accordingly, we are satisfied that N.S.H.'s stipulation satisfies the fourth basis of accepting a juvenile's plea of delinquency as provided by section 7B-2407, which states that the court may accept the admission based upon "a statement of facts by the juvenile's attorney." N.C. Gen. Stat. § 7B-2407(c) (2007). In view of N.S.H's stipulation, we disregard as immaterial the fact that the deputy's testimony was unsworn. The statute also states that "[t]he court may accept an admission only after determining that there is a factual basis for the admission. This determination may be based upon . . . sworn testimony which may include reliable hearsay[.]" Id. Notwithstanding, this is an alternative means of providing a factual basis and is not necessary in the case sub judice. See id.
Finally, N.S.H. argues that the elements of North Carolina General Statutes, section 14-288.4  the criminal statute pursuant to which he was charged  were not met. Specifically, N.S.H. contends that "common sense dictates that high school principals should be trained and experienced in dealing with juveniles who use abusive language towards them." N.S.H. fails to cite to any case law in support of his argument, and therefore, we do not address it. See N.C. R. App. P. 28(b)(6) (2007).
For the foregoing reasons, we hold that the trial court properly exercised subject matter jurisdiction in accepting N.S.H.'s admission of delinquency on 21 August 2008 and that an adequate factual basis existed for the trial court to accept N.S.H.'s delinquency admission. Accordingly, we affirm the order adjudicating N.S.H. delinquent.
Affirmed.
Judges McGEE and STEELMAN concur.
Report per Rule 30(e).