ZACHARY, Judge.
Shantez Rickey Craig (defendant) appeals from judgments revoking probation and activating sentences that were imposed in separate cases upon his convictions for discharging a firearm into an occupied building and possession of marijuana with the intent to sell or deliver. Defendant has not challenged the activation of his sentence for possession of marijuana with the intent to sell or deliver. On appeal, defendant argues that the trial court lacked jurisdiction to revoke his probation and activate the sentence for discharge of a firearm into an occupied building. Defendant contends that an order extending his probation in this case was invalid and that, as a result, his probation expired prior to the date on which his probation officer filed a violation report. After careful review of the record and consideration of the law in this area, we agree.
I. Background
Although this appeal arises from only two criminal charges, the record is complicated by the fact that proceedings related to these charges were conducted in Anson, Stanly, and Union Counties, with each county assigning a different file number to a given charge. In order to avoid confusion, we will outline the relevant history of each charge separately.
A. Defendant's Conviction for Discharge of a Firearm
On 18 July 2011, the Grand Jury for Anson County indicted defendant in Anson County File No. 11 CRS 50738 for discharge of a firearm into an occupied building. On 21 August 2012, defendant entered a plea of guilty to this charge. Judge Tanya T. Wallace sentenced defendant to 25 to 39 months' imprisonment. The sentence was suspended and defendant was placed on supervised probation for 24 months, effective 21 August 2012 and expiring on 21 August 2014.
A Union County probation officer filed a probation violation report on 13 December 2012, alleging that defendant had violated the terms of his probation in various respects. Union County assigned the File No. 12 CRS 3106 to defendant's violation of the probation imposed in Anson County in 11 CRS 50738. Another probation violation report was filed in Union County on 16 September 2013, alleging that defendant had violated his probation by, inter alia , being convicted in Stanly County on 8 April 2013 of possession of marijuana with the intent to sell or deliver. On 10 January 2014, Judge Ebern T. Watson, III, found that defendant had violated his probation, and ordered that defendant be imprisoned for 90 days, with this time to be served in a drug rehabilitation program.
On 6 August 2014, Judge Kevin M. Bridges signed an order extending defendant's probation until 21 August 2015. The validity of this order, which is discussed in detail below, is the primary issue in defendant's appeal.
A Stanly County probation officer filed violation reports on 20 April 2015, alleging that defendant had violated the terms of his probation. On 15 March 2016, Judge Bridges conducted a hearing on defendant's alleged violation of probation, to which Stanly County had assigned File No. 15 CRS 524. Judge Bridges found that defendant had violated the terms of his probation and activated his sentence of 25 to 39 months' imprisonment. The court ordered that this sentence be served at the expiration of the sentence imposed upon defendant's conviction of possession with intent to sell or deliver marijuana. Defendant was given credit for 87 days of confinement prior to the activation of his sentence. Defendant has appealed the revocation of probation in this case, which we will refer to as 15 CRS 524, which is the file number under which the revocation was ordered.
B. Defendant's Conviction for Marijuana Possession
On 3 December 2012, defendant was indicted by the Grand Jury of Stanly County for possession of marijuana with the intent to sell or deliver. On 8 April 2013, defendant pleaded guilty to this charge before Judge Julia Lynn Gullett, who sentenced defendant to five to fifteen months' imprisonment. The sentence was suspended and defendant was placed on supervised probation for 30 months. Stanly County assigned File No. 12 CRS 52496 to this case.
On 16 September 2013, a Union County probation officer filed a probation violation report, which was assigned Union County File No. 13 CRS 1808. On 21 February 2014, Judge Watson found that defendant had violated his probation, and ordered that defendant be imprisoned for 90 days, to be served in the DART Cherry drug rehabilitation program.
A Stanly County probation officer filed two more probation violation reports on 30 March 2015 and 20 April 2015. Thereafter, a hearing was conducted before Judge Bridges. On 15 March 2016, Judge Bridges signed an order in which the court found that defendant had violated the terms of his probation, revoked defendant's probation, and activated the sentence of five to fifteen months' imprisonment. Defendant was given credit for 371 days' confinement prior to revocation of probation. Defendant has not appealed the trial court's decision to activate this sentence.
II. Defendant's Petitions and Appellate Motion
On 20 October 2016, defendant filed a petition seeking issuance of a writ of certiorari in order to obtain review of the substantive merits of his appellate arguments. In our discretion we have granted defendant's petition. Defendant filed a second petition for certiorari on 14 November 2016, seeking review of the trial court's order extending defendant's probation. We have reviewed the validity of this order as part of our determination of the merits of defendant's appellate arguments, and therefore have denied defendant's petition. On 23 November 2016, defendant filed a motion asking us to take judicial notice of the Master Calendar of Superior Courts for the fall of 2014. We have granted defendant's motion and take judicial notice of the Master Calendar for fall of 2014, which is available on the North Carolina Court System web page.
III. Standard of Review
On appeal, defendant challenges the trial court's revocation in Stanly County case No. 15 CRS 524 of the term of probation imposed upon his conviction for discharge of a firearm into an occupied building. Defendant's original term of probation was scheduled to expire on 21 August 2014. Defendant argues that the order extending his probation until 21 August 2015 was invalid and that, as a result, the trial court lacked subject matter jurisdiction to revoke his probation on 15 March 2016, nineteen months after his probation had expired.
It is well-established that "[a] trial court lacks the authority to decide a particular case in the absence of jurisdiction over the subject matter of that action. 'Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute.' " State v. McCulloch , --- N.C. App. ----, ----, 756 S.E.2d 361, 364 (2014) (citing State v. Reinhardt , 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007), and quoting Harris v. Pembaur , 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) ). "The extent to which 'a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal.' '[A]n appellate court necessarily conducts a statutory analysis when analyzing whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a de novo review.' " McCullough , --- N.C. App. at ----, 756 S.E.2d at 365 (quoting McKoy v. McKoy , 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010), and State v. Satanek , 190 N.C. App. 653, 656, 660 S.E.2d 623, 625 (2008) ).
IV. Analysis
A. Legal Principles
The law governing a defendant's challenge to a trial court's subject matter jurisdiction over the revocation of his probation is well-settled:
"[T]he issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court sua sponte ." "It is well settled that a court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction[, and] ... its judgment ... is void and of no effect."
State v. Gorman , 221 N.C. App. 330, 333, 727 S.E.2d 731, 733 (2012) (quoting State v. Webber , 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008), Reinhardt , 183 N.C. App. at 292, 644 S.E.2d at 27, and Allred v. Tucci , 85 N.C. App. 138, 143, 354 S.E.2d 291, 295 (1987) ).
Chapter 15A of the North Carolina General Statutes includes two statutory bases upon which a court may extend a defendant's term of probation. N.C. Gen. Stat. § 15A-1344(d) (2015) provides in pertinent part that:
(d) At any time prior to the expiration or termination of the probation period or in accordance with subsection (f) of this section, the court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed under G.S. 15A-1342(a) and may modify the conditions of probation.... If a probationer violates a condition of probation at any time prior to the expiration or termination of the period of probation, the court, in accordance with the provisions of G.S. 15A-1345, may continue the defendant on probation, with or without modifying the conditions ... [or] may revoke the probation and activate the suspended sentence imposed at the time of initial sentencing[.] ...
This Court has previously stated that although the trial court may have "the authority to modify [the] defendant's conditions of probation, ... the clear language of [N.C. Gen. Stat. § 15A-1344(d) ] requires that (1) [the] defendant be notified that a hearing will take place, (2) a hearing actually take place at which [the] defendant is present or has failed to appear after a reasonable effort to notify him, and (3) good cause be shown for the modification." State v. Willis , 199 N.C. App. 309, 310, 680 S.E.2d 772, 774 (2009) (citing State v. Coltrane , 307 N.C. 511, 512, 299 S.E.2d 199, 200 (1983) ).
As stated above, a term of probation may only be revoked or extended "prior to the expiration or termination of the probation period or in accordance with subsection (f) of [§ 15A-1344 ]." N.C. Gen. Stat. § 15A-1344(f) imposes several conditions upon a court's authority to revoke or extend probation after the original term of probation has expired, including a requirement that "[b]efore the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation." Moreover, "[t]he burden of perfecting the trial court's jurisdiction for a probation revocation hearing after [the] defendant's period of probation has expired lies squarely with the State." State v. Moore , 148 N.C. App. 568, 571, 559 S.E.2d 565, 566-67 (2002). In addition, N.C. Gen. Stat. § 15A-1345(e) (2015), which governs hearings conducted in response to the filing of a violation report, states that:
(e) Before revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation[.] ... The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged.... The probationer is entitled to be represented by counsel at the hearing[.] ...
Another mechanism by which a trial court may extend a defendant's probation is found in N.C. Gen. Stat. § 15A-1342(a) (2015), which provides that:
(a) ... In addition to G.S. 15A-1344, the court with the consent of the defendant may extend the period of probation beyond the original period (i) for the purpose of allowing the defendant to complete a program of restitution, or (ii) to allow the defendant to continue medical or psychiatric treatment ordered as a condition of the probation.... The special extension authorized herein may be ordered only in the last six months of the original period of probation....
N.C. Gen. Stat. § 15A-1342(a) does not require a hearing prior to extending a defendant's probation. However, this type of extension may only be ordered in the last six months of the original period of probation and is only authorized "(i) for the purpose of allowing the defendant to complete a program of restitution, or (ii) to allow the defendant to continue medical or psychiatric treatment[.]"
To summarize, a court has jurisdiction to extend or revoke a defendant's probation pursuant to N.C. Gen. Stat. § 15A-1344(d) only if:
1. The defendant is given notice of a hearing;
2. A hearing is conducted;
3. The defendant's right to counsel is protected;
4. The trial court finds good cause for the extension or revocation; and
5. The trial court acts before the defendant's term of probation has expired, or acts in response to a probation violation report that was filed with the clerk prior to the expiration of probation.
A court has jurisdiction to extend a defendant's probation pursuant to N.C. Gen. Stat. § 15A-1342(a) only if:
1. The defendant consents to the extension of probation;
2. The probation extension is ordered during the final six months of the defendant's original term of probation; and
3. The probation is extended either to enable the defendant to finish paying restitution, or to allow the defendant to continue medical or psychiatric treatment.
Where a defendant's probation is extended in violation of the relevant statutes, the extension is invalid. In that circumstance, a trial court lacks jurisdiction to extend or revoke the defendant's probation after his original term of probation has expired (unless a revocation report was filed with the clerk prior to the expiration of the original term of probation), and the order revoking probation must be vacated. State v. Sexton , 141 N.C. App. 344, 539 S.E.2d 675 (2000) (vacating order which revoked probation where the earlier hearing at which the defendant's probation was extended was conducted in violation of the defendant's right to counsel). See also, e.g., Satanek , 190 N.C. App. at 657, 660 S.E.2d at 626 (" '[W]hen the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' Since the trial court lacked subject matter jurisdiction the judgment revoking defendant's probation must be vacated.") (quoting State v. Crawford , 167 N.C. App. 777, 779, 606 S.E.2d 375, 377 (2005) ); and State v. Peele , --- N.C. App. ----, ----, 783 S.E.2d 28, 29 (2016) ("[W]here the State's evidence was insufficient to confer subject matter jurisdiction upon the trial court for the revocation of defendant's probation in [two cases], we vacate the judgments imposed in those cases.").
B. Discussion
On 21 August 2012, judgment was entered in Anson County upon defendant's plea of guilty to discharge of a firearm into an occupied building, and defendant was placed on supervised probation for 24 months, or until 21 August 2014. On 6 August 2014, Judge Bridges signed an order extending defendant's probation for an additional 12 months, until 21 August 2015. Defendant argues that this order was invalid and that defendant's probation expired on 21 August 2014. On this basis, defendant contends that the trial court lacked subject matter jurisdiction to revoke his probation on 15 March 2016, based upon probation violation reports that were not filed until 2015. For the reasons that follow, we agree.
The resolution of this appeal requires us to examine the order extending defendant's probation. The trial court signed the order on 6 August 2014. The order does not include a file stamp indicating that it was ever filed with the Clerk of Court. As a result, we are unable to determine when, or if, the extension order was properly entered. Arguably, this is sufficient to establish the lack of subject matter jurisdiction; however, in an abundance of caution, we do not base our decision upon the lack of a file stamp on the extension order, but upon other defects in the order that are set out below.
In its order extending defendant's probation, the trial court employed a form provided by the North Carolina Administrative Office of the Courts (AOC), Form No. AOC-CR-609. The form is divided into sections and provides boxes for the court to check in order to record its findings and conclusions. The top of the form states that the order was entered in the Superior Court of Anson County. After carefully examining the manner in which the form was completed, we conclude that
1. Some of the boxes that are checked suggest that the trial court may have intended to extend defendant's probation pursuant to N.C. Gen. Stat. § 15A-1342(a) ; but
2. Some of the boxes that are checked suggest that the trial court intended to extend defendant's probation pursuant to N.C. Gen. Stat. § 15A-1344(d) ; and
3. The form order does not constitute a valid extension of defendant's probation under either statutory provision.
We first consider the entries in the form that suggest that the trial court may have intended to extend defendant's probation under N.C. Gen. Stat. § 15A-1342(a). In the first section of the form, the court checked the boxes indicating that
This matter is before the Court upon ... 2. motion to modify the defendant's probation without charge of violation. Upon ... consent of the defendant (see signatures on Side Two if modification is entered in chambers), the Court finds that good cause has been shown to modify the original Judgment Suspending Sentence.
The trial court did not check the box indicating that the extension was ordered "upon notice and hearing." The following section begins with the statement that "Upon due notice of the alleged violation(s) or waiver of such notice, a hearing was held before the Court." This section, which has boxes for the trial court to check reflecting its findings regarding an alleged violation of probation, is left blank. Below that is a section captioned "Order." In this section, the trial court checked a box indicating that "[i]t is ordered that the original Judgment is modified, as set forth below and, except as specifically so modified, shall remain in full force and effect."
On the second page of the form order is a section for a defendant to acknowledge his consent to a modification of probation. It states the following:
(NOTE: Defendant signs the following statement in all cases of supervised probation unless probation is terminated or not modified. A witness should sign at the same time as the defendant. For in-chambers consent modifications, defendant and prosecutor must sign prior to entry of the Order.)
I have received a copy of this Order (check one) ? before its entry, [or] ? after a hearing, and I agree to the modifications(s) of my probation set out in it.... I understand that my probation may be extended pursuant to G.S. 15A-1344(d), 15A-1342(a) or 15A-1343(d).
Neither of these boxes is checked. However, immediately below this section are the signatures of defendant, the prosecutor, and a witness, dated 5 August 2014.
These entries on the form order tend to suggest that the trial court might have intended to extend defendant's probation under N.C. Gen. Stat. § 15A-1342(a), which requires defendant's consent. However, the undisputed record evidence in this case shows that no restitution was ordered upon defendant's conviction for discharge of a firearm into an occupied building. Furthermore, there is no evidence that on 6 August 2014 defendant needed additional time within which to complete medical or psychiatric treatment. In fact, at the revocation hearing, defendant's probation officer testified under oath that defendant had completed the court-ordered drug treatment prior to the extension of defendant's probation. We conclude that the State has failed to establish that defendant's probation could have been, or was, validly extended under N.C. Gen. Stat. § 15A-1342(a).
Moreover, other entries in the form directly contradict any suggestion that the trial court intended to extend defendant's probation pursuant to the provisions of N.C. Gen. Stat. § 15A-1342(a). On the second page of the form, in the section captioned "Other Modifications of Probation," the trial court stated, by checking the relevant boxes and filling in a blank line, the following: "The defendant's term of probation is extended for a period of 12 months 08/21/14-08/21/15 for good cause shown pursuant to G.S. 15A-1344(d)." Although the form entries previously discussed might suggest an intention to extend defendant's probation under N.C. Gen. Stat. § 15A-1342(a), by checking this box, the trial court expressly ordered that defendant's probation was being extended under N.C. Gen. Stat. § 15A-1344(d). We conclude, however, that the extension of defendant's probation did not comply with the requirements of N.C. Gen. Stat. § 15A-1344(d).
The record evidence and the trial court's completion of the form make it clear that defendant's probation was extended under N.C. Gen. Stat. § 15A-1344(d) without the trial court first conducting a hearing of which defendant was given notice and at which defendant was represented by counsel. We take judicial notice of the Master Calendar of Superior Courts for the fall of 2014, which shows that Judge Bridges was assigned to Stanly County for the week of 4 August 2014. In addition, we note the following:
1. The spaces on the form order for identification of the attorney for the State and the attorney for defendant are both left blank.
2. The trial court did not check the box indicating that the order was entered "after notice and hearing."
3. The State, which has the burden of establishing jurisdiction, does not contend that a hearing was held prior to the extension of defendant's probation.
We conclude that the order extending defendant's probation on 6 August 2014 was signed (and presumably entered or filed with the clerk, although the order does not bear a file stamp), in violation of the requirements of N.C. Gen. Stat. § 15A-1344(d). "It is well settled that a court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." Reinhardt , 183 N.C. App. at 292, 644 S.E.2d at 27 (citation omitted).
"Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." "If the court was without authority, its judgment ... is void and of no effect."
Gorman , 221 N.C. App. at 333, 727 S.E.2d at 733 (quoting Tucci , 85 N.C. App. at 143, 354 S.E.2d at 295 ). We conclude that the order extending defendant's probation was invalid and that defendant's probation expired on 21 August 2014. Because the violation report upon which the revocation of defendant's probation was based was not filed until 20 April 2015, the trial court lacked subject matter jurisdiction to revoke defendant's probation and its order of revocation must be vacated.
In urging us to reach a different conclusion, the State does not dispute that it has the burden of establishing that the trial court had jurisdiction, and acknowledges that the order extending defendant's probation "does not show that a hearing was conducted[.]" The State contends, however, that the record is "silent" on the issue of the trial court's jurisdiction and that we should "presume[ ] the trial court acted correctly." We have concluded that the record clearly shows that defendant's probation was extended without a hearing.
V. Conclusion
For the reasons discussed above, we conclude that the order extending defendant's probation was invalid, that his probation expired on 21 August 2014, and that the trial court lacked subject matter jurisdiction to revoke defendant's probation on the basis of a probation violation report filed on 20 April 2015. The order revoking defendant's probation in Stanly County File No. 15 CRS 524 must be vacated. Defendant has not challenged the revocation of his probation in Stanly County File No. 12 CRS 52496, and we conclude that the court did not err in entering the order revoking probation in that case.
VACATED IN PART, NO ERROR IN PART.
Report Per Rule 30(e).
Judges INMAN concurs.
Judge BRYANT concurs in the result only.