IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-184

No. COA20-718

Filed 4 May 2021

Watauga County, No. 13 CRS 51810

STATE OF NORTH CAROLINA

v.

WILBERT HENDRICKS

Appeal by Defendant from Judgment entered 10 March 2020 by Judge Gary
M. Gavenus in Watauga County Superior Court.  Heard in the Court of Appeals 14
April 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Zachary K.
Dunn, for the State.*

*Mary McCullers Reece for defendant-appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Wilbert Hendricks (Defendant) appeals from the trial court's Judgment and
Commitment upon Revocation of Probation entered 10 March 2020 activating
Defendant's 29- to 47-month suspended sentence.  The Record reflects the following:

On 2 December 2013, a Watauga County Grand Jury indicted Defendant on
one count of Aggravated Felony Serious Injury by Vehicle.  As evidenced by
Defendant's Transcript of Plea, Defendant pled guilty to one count each of:

Aggravated Felony Serious Injury by Vehicle (13 CRS 51810); Driving While Impaired (13 CRS 51807); and Injury to Real Property (13 CRS 51809). The trial court entered Judgment Suspending Sentence imposing a suspended 29- to 47-month active sentence and a 60-month period of supervised probation. The trial court did not check box 3 on the Judgment form indicating the period of probation was to begin after Defendant was released from incarceration, but the trial court did note on the form that Defendant's probation was to be "stayed until defendant is released from custody." The trial court further imposed an active sentence of 330 days as conditions of special probation pursuant to N.C. Gen. Stat. § 15A-1351.

¶ 3    Defendant began his active sentence in 13 CRS 51810 on 7 October 2014 and then served a brief 26-day sentence for Misdemeanor Injury to Real Property. Defendant began his supervised probation on 28 September 2015. Defendant's probation officer filed probation violation reports on 23 January 2020, 5 February 2020, and 25 February 2020. Defendant's probation revocation hearing came on for trial on 10 March 2020. After receiving evidence and testimony, the trial court found Defendant willfully violated the terms of his probation—the trial court revoked Defendant's probation and activated his suspended sentence. Defendant gave oral Notice of Appeal in open court. That same day, the trial court entered Judgment and Commitment upon Revocation of Probation revoking Defendant's probation and activating his suspended 29- to 47-month suspended sentence.

## Issue

The issue on appeal is whether the Superior Court lacked subject-matter jurisdiction to revoke Defendant's probation because Defendant's probation officer filed violation reports after the probationary period expired.

## Analysis

Defendant argues the trial court lacked subject-matter jurisdiction to revoke his probation because the probation period, as imposed, had already expired. The State agrees and so do we.

"A trial court must have subject matter jurisdiction over a case in order to act in that case." *State v. Reinhardt*, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007) (citation omitted). "Except as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term." *Id.* at 293, 644 S.E.2d at 27 (citation omitted). "[T]he issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte*." *State v. Webber*, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008) (citation omitted). Whether the trial court had subject-matter jurisdiction per our General Statutes is an issue requiring this Court to conduct a statutory analysis, and, thus, a de novo review. *State v. Satanek*, 190 N.C. App. 653, 656, 660 S.E.2d 623, 625 (2008) (citation omitted).

N.C. Gen. Stat. § 15A-1344(f) provides:

The court may extend, modify, or revoke probation after the expiration of the period of probation if all of the following apply:

(1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.

(2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.

(3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.

(4) If the court opts to extend the period of probation, the court may extend the period of probation up to the maximum allowed under G.S. 15A-1342(a).

N.C. Gen. Stat. § 15A-1344(f) (2019).

As to special probation, N.C. Gen. Stat. § 15A-1351 provides:

The original period of probation, *including the period of imprisonment required for special probation*, shall be as specified in G.S. 15A-1343.2(d), but *may not exceed a maximum of five years*, except as provided by G.S. 15A-1342(a). The court may revoke, modify, or terminate special probation as otherwise provided for probationary sentences.

N.C. Gen. Stat. § 15A-1351(a) (2019) (emphasis added). N.C. Gen. Stat. § 15A-1342

allows for extending probation with the defendant's consent:

beyond the original [probationary] period (i) for the purpose of allowing the defendant to complete a program of restitution, or (ii) to allow the defendant to continue medical or psychiatric treatment ordered as a condition of the probation. The period of extension shall not exceed three years beyond the original period

of probation. The special extension authorized herein may be ordered only in the last six months of the original period of probation. Any probationary judgment form provided to a defendant on supervised probation shall state that probation may be extended pursuant to this subsection.

N.C. Gen. Stat. § 15A-1342(a) (2019).

¶ 9 Here, the trial court originally sentenced Defendant to an intermediate punishment of special probation for 60 months, including an active sentence of 330 days. Therefore, under N.C. Gen. Stat. § 15A-1351(a), Defendant's total probationary period included his 330-day active sentence. Defendant began serving his active sentences on 7 October 2014. Thus, at the latest, Defendant's probationary period began on 3 November 2014, after Defendant served his 26-day sentence for Misdemeanor Injury to Real Property. As such, Defendant's 60-month probationary period would have ended, at the latest, on 3 November 2019. Because Defendant's probation officer did not file violation reports until 23 January 2020 at the earliest, the violation reports were not filed before Defendant's probationary period had ended pursuant to N.C. Gen. Stat. § 15A-1344(f). Consequently, the trial court lacked subject-matter jurisdiction to revoke Defendant's probation and activate his suspended sentence. *Reinhardt*, 183 N.C. App. at 293, 644 S.E.2d at 27. Therefore, we vacate the trial court's Judgment and Commitment upon Revocation of Probation. *State v. Tincher,* 266 N.C. App. 393, 398, 831 S.E.2d 859, 863 (2019).

## **Conclusion**

¶ 10      Accordingly, for the foregoing reasons, we conclude the trial court lacked subject-matter jurisdiction to revoke Defendant's probation; thus, we vacate the Judgment and Commitment upon Revocation of Probation.

VACATED.

Judges DIETZ and ZACHARY concur.