645 S.E.2d 386 (2007)
In re M.C., A Minor Juvenile.
No. COA06-886.
Court of Appeals of North Carolina.
May 1, 2007.
Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.
Peter Wood, for respondent-appellant.
McCULLOUGH, Judge.
Respondent M.C. appeals from adjudication and disposition orders finding him delinquent for misdemeanor larceny. On appeal, respondent raises two assignments of error. However, the dispositive issue is whether the trial court lacked subject matter jurisdiction to enter the adjudication and disposition orders due to the untimely filing of the juvenile petition. In its brief, the State concedes that the petition was not timely filed and the trial court's orders must be vacated.
As an initial matter, we note that respondent did not raise this issue before the trial court. Nevertheless, questions regarding whether the trial court had subject matter jurisdiction over the case may be raised *387 for the first time on appeal and, therefore, the issue is properly before us. See State v. Beaver, 291 N.C. 137, 139-40, 229 S.E.2d 179, 181 (1976).
Pursuant to N.C. Gen. Stat. § 7B-1703(b), a juvenile petition must be filed "within 15 days after the complaint is received" by the juvenile court counselor. N.C. Gen. Stat. § 7B-1703(b) (2005). The statute also provides that an extension of an additional fifteen days may be granted at the discretion of the chief court counselor. Id. Consequently, the juvenile petition must be filed within a maximum of thirty days after the complaint is received by the juvenile court counselor.
Here, the only indication of when the juvenile court counselor received the complaint is the date that the petition was verified by a Wilmington Police Department detective: 1 November 2005. The petition was filed with the trial court on 2 December 2005. The time period from 1 November 2005 to 2 December 2005 is more than thirty days. As the petition was filed outside the statutory maximum time of thirty days in accordance with N.C. Gen. Stat. § 7B-1703(b), we conclude the trial court erred by asserting jurisdiction over M.C. Accordingly, the adjudication and disposition orders of the trial court must be vacated and this case remanded to the New Hanover County District Court for entry of an order dismissing the action.
Vacated and remanded.
Judges STEELMAN and LEVINSON concur.