650 S.E.2d 457 (2007)
In the Matter of J.B.
No. COA06-1691.
Court of Appeals of North Carolina.
October 2, 2007.
Attorney General Roy Cooper, by Assistant Attorney General Tina Lloyd Hlabse, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant-appellant.
BRYANT, Judge.
J.B.[1] (juvenile) appeals from a disposition order entered on an adjudication of delinquency for commission of the criminal offense of misdemeanor larceny. The record shows that on 9 May 2006, Investigator D.L. Tanner of the Wake County Sheriff's Office submitted a complaint to a juvenile court intake counselor alleging that on or about 18 April 2006 J.B. committed a misdemeanor offense. On 8 June 2006 the intake counselor approved the matter for filing as a juvenile petition. The juvenile petition was ultimately filed in the office of the clerk of superior court on 24 July 2006.
J.B. contends the court lacked subject matter jurisdiction to consider the petition because it was not filed in a timely fashion. Although not raised in the trial court, this issue may be addressed for the *458 first time on appeal. State v. Beaver, 291 N.C. 137, 139-40, 229 S.E.2d 179, 181 (1976).
The pleading in a juvenile action is the petition alleging delinquency or dependency. N.C. Gen.Stat. § 7B-1801 (2005); In re Register, 84 N.C.App. 336, 343, 352 S.E.2d 889, 893 (1987). An action in juvenile court is commenced by the filing of a petition in the clerk's office or by a magistrate's acceptance of a petition for filing when the clerk's office is not open. N.C. Gen.Stat. § 7B-1804 (2005). When a juvenile court counselor receives a complaint regarding a juvenile, the counselor is required to evaluate the complaint and determine whether a petition should be filed. Id. The counselor is required to make this determination within fifteen days of receipt of the complaint, with an extension for a maximum of fifteen additional days at the discretion of the chief court counselor, thereby giving the counselor a maximum total of thirty days. N.C. Gen.Stat. § 7B-1703(a) (2005). "[I]f the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor." N.C.G.S. § 7B-1703(b) (2005). Thus, the petition must be filed within, at a maximum, thirty days after receipt of the complaint.
Here, the intake counselor made a timely determination that a petition should be filed. However, the petition was not filed in the office of the clerk of superior court until 24 July 2006, more than thirty days after receipt of the complaint on 9 May 2006. The timely filing of a petition seeking judicial action is jurisdictional. Chicora Country Club v. Town of Erwin, 128 N.C.App. 101, 107, 493 S.E.2d 797, 801 (1997). Because the trial court did not have jurisdiction over the petition, the disposition order must be vacated.
Vacated.
Judges WYNN and ELMORE concur.
NOTES
[1] Initials are used throughout the opinion to protect the identity of the juvenile.