IN THE MATTER OF: S.S.

No. COA08-29

(Filed 7 October 2008)

**Juveniles— delinquency—failure to hold dispositional hearing within six months**

The trial court did not err by denying defendant juvenile's motion to dismiss under N.C.G.S. § 7B-2501(d) the charges of second-degree kidnapping, crime against nature, and sexual battery based on the court's failure to hold a dispositional hearing within six months because: (1) the plain language of the statute allows the trial court to grant the juvenile's family a six-month window

of time to meet the needs of the juvenile without a court-ordered disposition, and it does not serve as a limit on the court's jurisdiction; and (2) the interpretation offered by the juvenile would defeat the intent of the statute and harm similarly situated juveniles when disposition in this case was continued multiple times to allow the juvenile to testify in the trial of his codefendant in order to benefit by receiving reduced charges and a level II disposition.

Appeal by respondent from judgment entered 14 August 2007 by Judge Edward Pone in Cumberland County District Court. Heard in the Court of Appeals 20 August 2008.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gail E. Dawson, for the State.*

*Mary McCullers Reece, for respondent-appellant.*

CALABRIA, Judge.

S.S., a juvenile, appeals from a dispositional order sentencing him to one-year probation for the offenses of second-degree kidnapping, crime against nature, and sexual battery, based on a disposition agreement with the prosecutor to testify truthfully in the trial of a co-defendant. On appeal, the juvenile argues that the trial court erred in denying juvenile's motion to dismiss the charges pursuant to N.C. Gen. Stat. § 7B-2501(d) where the court failed to hold a dispositional hearing within six months.

Based upon our review of the record and the statute, we determine the trial judge properly denied the juvenile's motion to dismiss and properly sentenced the juvenile in this case. We, therefore, affirm.

On 26 April 2006 the State filed juvenile petitions alleging that the juvenile committed the offenses of indecent liberties between children, sex offense with a child under the age of 13 years, and first-degree rape. On 2 November 2006 the juvenile, through counsel, admitted he committed the offenses of second-degree kidnapping, crime against nature, and sexual battery. S.S. made this admission pursuant to an agreement with the prosecutor that, among other things, his charges would be reduced, and the State would recommend a level II disposition. In exchange, the juvenile agreed to testify truthfully in the trial of a co-defendant.

The disposition was originally scheduled for 1 January 2007. The case was continued more than once at the request of both the juvenile and the State to allow the juvenile the opportunity to testify against his co-defendant, and obtain the benefit of his agreement with the prosecutor. Co-defendant's hearing was not held until 12 June 2007. The dispositional hearing for S.S. was held 9 August 2007. Counsel for S.S. made a motion to dismiss pursuant to N.C. Gen. Stat. § 7B-2501 and the court denied the motion. The court entered a level II intermediate disposition of one-year probation, consistent with the juvenile's agreement with the prosecutor. This appeal followed.

The juvenile argues that the trial judge erred by denying his motion to dismiss pursuant to N.C. Gen. Stat. § 7B-2501(d) since the court failed to hold a dispositional hearing within six months. N.C. Gen. Stat. § 7B-2501(d) reads as follows:

> The court may dismiss the case, or continue the case for no more than six months in order to allow the family an opportunity to meet the needs of the juvenile through more adequate home supervision, through placement in a private or specialized school or agency, through placement with a relative, or through some other plan approved by the court.

N.C. Gen. Stat. § 7B-2501(d) (2007).

The juvenile argues that the statute requires the court to hold a dispositional hearing within six months or the court loses subject matter jurisdiction. The statute does not say, and the juvenile makes no argument regarding, the date that determines from when the six months is measured. The juvenile only indicates that it had been nine months since adjudication, over a year from the time the charges were filed, and twenty-one months from the time the incidents occurred.

The juvenile's interpretation of the statute is misplaced. The juvenile correctly states that the procedural requirements of the juvenile code should be strictly construed to protect the rights of juvenile respondents. *See In Re M.C.*, 183 N.C. App. 152, 645 S.E.2d 386 (2007) (Trial court's order dismissed due to the untimely filing of the juvenile petition). However, his interpretation of the statute contradicts the plain language of the statute, and would result in more harm to juvenile respondents. Therefore, we reject it.

The plain language of the statute allows the trial court to grant the juvenile's family a six-month window of time to meet the needs of

**IN RE S.S.**

[193 N.C. App. 239 (2008)]

the juvenile without a court-ordered disposition. Presumably, the court can dismiss the juvenile's case, or provide a more lenient disposition, if the facts of the case warrant, and if satisfied with the steps taken by the family. While the juvenile argues this is a mandate that requires disposition within six months, it is merely an opportunity provided families to seek non-judicial solutions to meet the needs of the juvenile, while placing an outer limit on how long the family may seek these solutions. It does not serve as a limit on the court's jurisdiction. On the contrary, it grants the court the authority to enter a disposition at the end of a six-month period granted to families.

The interpretation offered by the juvenile would defeat the intent of the statute, and harm similarly situated juveniles. The present case is an example. Disposition was continued multiple times to allow the juvenile to testify in the trial of his co-defendant, and therefore benefit by receiving reduced charges and a level II disposition. According to the juvenile's interpretation the court would not accept this dispositional arrangement unless there were assurances that the trial of the co-defendant would be completed within the six-month window. The trial court would have held his dispositional hearing within that window, disregarding his dispositional arrangement. As a result, the juvenile would not have gotten the benefit of the reduced charges or the level II disposition.

N.C. Gen. Stat. § 7B-2501(d) is intended to provide an opportunity for families to seek non-judicial solutions for troubled juveniles and is not a limit on the jurisdiction of trial courts in juvenile matters. The trial court properly denied the juvenile's motion to dismiss.

Affirmed.

Judges TYSON and ELMORE concur.