IN THE MATTER OF: D.R.
No. COA08-542
Court of Appeals of North Carolina
Filed November 4, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Judith Tillman, for the State.
Richard Croutharmel, for juvenile-appellant.
TYSON, Judge.
D.R. ("defendant"), a juvenile, appeals an order entered, which found defendant to be in violation of his probation and revoked his post-release supervision. We vacate.

I. Background
On 19 July 2007, petitions were filed and alleged defendant was delinquent for committing the offenses of: (1) breaking or entering a motor vehicle; and (2) misdemeanor larceny. On 27 September 2007, defendant entered an admission pursuant to a plea arrangement with the State. The misdemeanor larceny charge was dismissed and defendant admitted to breaking or entering a motor vehicle. The court accepted the admission and adjudicated defendant to be a delinquent juvenile. The court transferred the file to Durham County, where defendant was already on juvenile probation, for disposition. On 21 November 2007, the Durham County District Court entered a Level II disposition and extended defendant's probation by three months.
On 8 January 2008, a motion was filed seeking a review hearing upon the allegation that defendant had violated his probation. A hearing was held on 25 January 2008. The court then entered a disposition committing defendant to the youth development center for a minimum of six months. Defendant appeals.

II. Issue
Defendant argues that the trial court lacked subject matter jurisdiction to enter adjudication and disposition orders.

III. Subject Matter Jurisdiction
Defendant argues that the trial court did not have subject matter jurisdiction to enter the adjudication and disposition orders because the petition alleging delinquency was not timely filed. We agree.
"The court's lack of subject matter jurisdiction cannot be waived and can be raised at any time, including for the first time on appeal to this Court." In re Triscari Children, 109 N.C. App. 285, 288, 426 S.E.2d 435, 437 (1993)(citing In re Green, 67 N.C. App. 501, 504, 313 S.E.2d 193, 195 (1984)).
When a juvenile court counselor receives a complaint regarding a juvenile, the counselor is required to evaluate the complaint and determine whether a petition should be filed. [N.C. Gen. Stat. § 7B-1804 (2005).] The counselor is required to make this determination within fifteen days of receipt of the complaint, with an extension for a maximum of fifteen additional days at the discretion of the chief court counselor, thereby giving the counselor a maximum total of thirty days. N.C. Gen. Stat. § 7B-1703(a)(2005). "[I]f the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor." [N.C. Gen. Stat.] § 7B-1703(b) (2005). Thus, the petition must be filed within, at a maximum, thirty days after receipt of the complaint.
In re J.B., 186 N.C. App. 301, 302-03, 650 S.E.2d 457, 458 (2007) (emphasis supplied).
This Court recently stated:
Construing [N.C. Gen. Stat. §] 7B-1703 in its entirety, . . . we hold that the chief juvenile court counselor is required to provide some indication that he or she properly exercised discretion in extending the fifteen-day period mandated to the thirty-day maximum, and do so in a manner which allows the trial and appellate courts of this state some meaningful review of that decision.
In Re K.W., ___ N.C. App. ___, ___, 664 S.E.2d 66, 68 (2008).
Here, the record on appeal shows the investigating officer submitted juvenile petitions to a juvenile court counselor on 21 June 2007. The court counselor approved the petition for filing and filed the petitions alleging delinquency on 19 July 2007, beyond the fifteen-day period mandated by N.C. Gen. Stat. § 7B-1703(b). The record on appeal contains no "indication that [the juvenile court counselor] properly exercised discretion in extending the fifteen-day period mandated to the thirty-day maximum . . . ." Id. In the absence of such showing, we conclude the trial court lacked subject matter jurisdiction. The adjudicatory and dispositional orders are vacated.

IV. Conclusion
The trial court lacked subject matter jurisdiction to enter the order. The order appealed from is vacated.
Vacated.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30(e).