IN THE MATTER OF: U.V.M.
No. COA08-586
Court of Appeals of North Carolina
Filed February 3, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Katherine A. Murphy, for the State.
Richard Croutharmel for respondent-appellant.
ELMORE, Judge.
On 10 September 2007, petitions were filed alleging that respondent U.V.M. was a delinquent juvenile for committing the offenses of communicating threats and injury to personal property. On 16 November 2007, respondent was adjudicated a delinquent juvenile. The trial court continued disposition until 13 December 2007 and placed respondent in secure custody. On 28 November 2007, a petition was filed alleging that respondent was delinquent for committing the offense of injury to real property. On 13 December 2007, respondent admitted to the charge of injury to personal property . The trial court accepted the admission and adjudicated respondent a delinquent juvenile. The trial court then entered disposition upon both the 16 November 2007 and 13 December 2007adjudications of delinquency and placed respondent on probation . Respondent appeals.
Respondent argues that the trial court did not have subject matter jurisdiction to enter the adjudication and disposition orders because the petitions alleging delinquency were not timely filed. We agree.
"The court's lack of subject matter jurisdiction cannot be waived and can be raised at any time, including for the first time on appeal to this Court." In re Triscari Children, 109 N.C. App. 285, 288, 426 S.E.2d 435, 437 (1993) (citing In re Green, 67 N.C. App. 501, 504, 313 S.E.2d 193, 195 (1984)).
When a juvenile court counselor receives a complaint regarding a juvenile, the counselor is required to evaluate the complaint and determine whether a petition should be filed. The counselor is required to make this determination within fifteen days of receipt of the complaint, with an extension for a maximum of fifteen additional days at the discretion of the chief court counselor, thereby giving the counselor a maximum total of thirty days. N.C. Gen. Stat. § 7B-1703(a) (2005). "[I]f the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor." N.C. Gen. Stat. § 7B-1703(b) (2005). Thus, the petition must be filed within, at a maximum, thirty days after receipt of the complaint.
In re J.B., ___ N.C. App. ___, ___, 650 S.E.2d 457, 458 (2007) (additional citation omitted; alteration in original; emphasis added).
In the instant case, it is unclear when the complaints were received by the judicial intake counselor. The petitions alleging that petitioner committed the offenses of communicating threats and injury to personal property bear a date stamp of 27 August 2007. The petition alleging that respondent was delinquent for committing the offense of injury to real property bears a date stamp of 14 November 2007. However, these date stamps stand alone on the petitions, and there is nothing in the record to indicate what they represent. Thus, because of the ambiguity of the date stamp, we have determined that the date the petitions were verified by the investigating officer is the date the juvenile counselor received the complaint. See In re M.C., 183 N.C. App. 152, 153, 645 S.E.2d 386, 387 (2007) ( "[T]he only indication of when the juvenile court counselor received the complaint is the date that the petition was verified by a Wilmington Police Department detective[.]"); see also State v. Batdorf, 293 N.C. 486, 494, 238 S.E.2d 497, 502-03 (1977) ("[T]he State must carry the burden and show beyond a reasonable doubt that North Carolina has jurisdiction to try the accused.").
The petitions alleging that respondent committed the offenses of communicating threats and injury to personal property were verified by the investigating officer on 23 August 2007. The court counselor approved the petitions for filing and the petitions alleging delinquency were filed on 10 September 2007. The petition alleging that respondent committed the offense of injury to real property was verified by the investigating officer on 12 November 2007. The court counselor approved the petition for filing and the petition alleging delinquency was filed on 28 November 2007. Thus, all three petitions were filed beyond the fifteen days mandated by N.C. Gen. Stat. §7B-1703(b).
The State argues that because the petition was filed within thirty days of the complaint's receipt, the trial court had jurisdiction to decide the matter. However, this Court has recently held that
the chief juvenile court counselor is required to provide some indication that he or she properly exercised discretion in extending the fifteen-day period mandated to the thirty-day maximum, and do so in a manner which allows the trial and appellate courts of this state some meaningful review of that decision.
In Re K.W., ___ N.C. App. ___, ___, 664 S.E.2d 66, 68 (2008). As in In Re K.W., the record in the instant case fails to demonstrate that the chief court counselor granted such an extension. Therefore, we conclude that the trial court lacked subject matter jurisdiction and we vacate the adjudicatory and dispositional orders entered.
Vacated.
Judges HUNTER, Robert C., and JACKSON concur.
Report per Rule 30(e).