IN THE MATTER OF: W.W.
No. COA08-893
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Barbara A. Shaw, for the State.
Ryan McKaig, for defendant-appellant.
JACKSON, Judge.
W.W. (sometimes referred to as "the juvenile") appeals the 15 April 2008 order adjudicating him delinquent for disorderly conduct and simple assault and subsequent disposition order placing him on probation for six months. For the reasons stated below, we vacate.
On 6 November 2007, at McClintock Middle School in Charlotte, fifteen-year-old high school student W.W. allegedly approached D.M., a fifteen-year-old student at McClintock Middle School, and became aggressive. The two were in the school's cafeteria with many others, after regular school hours. W.W. allegedly pushed D.M. D.M. reported the incident to a police officer who showed him a yearbook, from which D.M. was able to identify W.W. as his assailant. On 4 December 2007, the Department of Juvenile Justice and Delinquency Prevention received juvenile petitions concerning the incident. The juvenile court counselor approved the petitions for filing on 17 December 2007. The petitions were signed on 2 January 2008 and filed with the Mecklenburg County District Court on 3 January 2008.
On 15 April 2008, the trial court adjudicated the juvenile delinquent and ordered him, inter alia, to (1) be placed on six months probation; (2) cooperate with any recommended treatment plans; (3) adhere to a seven o'clock curfew; (4) complete the Victim Offender Program; (5) perform forty hours of community service; and (6) stay away from D.M. The juvenile appeals.
Although the juvenile raises several issues on appeal, the dispositive issue is whether the trial court obtained jurisdiction over the matter. The juvenile argues, and the State concedes, that the trial court had no subject matter jurisdiction in this case because the petitions were not filed within the time period proscribed by North Carolina General Statutes, section 7B-1703. We agree.
Pursuant to section 7B-1703(a), a juvenile court counselor must evaluate a complaint within fifteen days of receiving it, and determine whether the complaint shall be filed as a petition. N.C. Gen. Stat. § 7B-1703(a) (2007). The statute further provides:
[I]f the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor.
N.C. Gen. Stat. § 7B-1703(b) (2007). This Court recently addressed this issue in In re K.W., ___ N.C. App. ___, 664 S.E.2d 66 (2008), and determined that "[f]ailure to comply with the requirements of this statute divests the trial court of jurisdiction, and thus any order of disposition entered following a violation of the requirements of section 7B-1703 must be vacated." Id. at ___, 664 S.E.2d at 68 (citing In re J.B., 186 N.C. App. 301, 303, 650 S.E.2d 457, 458 (2007)). In K.W., this Court vacated the juvenile petitions which were filed sixteen days after they were verified. Id. In doing so, this Court noted that there was no indication in the record that the chief court counselor exercised his or her discretion to extend the fifteen day period to the maximum thirty days allowed by statute. Id.
Here, the record reflects that although the juvenile court counselor approved the petitions within fifteen days of receiving them, the counselor failed to file them within those same fifteen days as required by section 7B-1703. Further, the record does not indicate that the chief court counselor may have exercised his or her discretion to authorize an extension of time for the filing of the petitions. Therefore, as in K.W., the failure to timely file the petitions prevented the trial court from acquiring subject matter jurisdiction over this case, and the orders entered 15 April 2008 must be and are hereby vacated.
Because we have disposed of the matter, we need not address the juvenile's remaining arguments. Vacated.
Judges MCGEE and HUNTER, ROBERT C. concur.
Report per Rule 30(e).