STATE OF NORTH CAROLINA v. DAMIEN SMITH

No. COA09-467

(Filed 19 January 2010)

**Jurisdiction— superior court—juvenile delinquency petitions**

The superior court lacked jurisdiction to enter judgment against defendant. Because the district court received juvenile delinquency petitions charging defendant with first-degree kidnapping, second-degree sexual offense, and robbery with a dangerous weapon more than thirty days after the juvenile court counselor approved the petitions, the district court failed to establish jurisdiction over the matter and could not transfer jurisdiction to the superior court.

Appeal by defendant from judgment entered 17 October 2008 by Judge David S. Cayer in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 October 2009.

*Attorney General Roy Cooper, by Assistant Attorney General J. Philip Allen, for the State.*

*Kimberly P. Hoppin for defendant-appellant.*

BRYANT, Judge.

Defendant Damien Smith appeals from convictions entered pursuant to a plea agreement for first-degree kidnapping, second-degree sexual offense, and robbery with a dangerous weapon. For the reasons stated herein, we vacate the convictions.

On 26 February 2008, a Mecklenburg County juvenile court counselor received complaints filed against defendant on charges of first-degree sex offense, kidnapping, and robbery with a dangerous weapon. On 28 February 2008, the court counselor approved juvenile delinquency petitions against defendant. On 4 April 2008, the juvenile delinquency petitions were filed in Mecklenburg County District Court charging defendant with first-degree sexual offense, in violation of N.C.G.S. § 14-27.4(a); kidnapping, in violation of N.C.G.S. § 14-39; and robbery with a dangerous weapon, in violation of N.C.G.S. § 14-87. A hearing to transfer the matters from juvenile to superior court was held 21 May 2008, and a transfer order was entered 13 June 2008.

On 30 June 2008, defendant was indicted in Mecklenburg County Superior Court on the charges of first-degree sexual offense, robbery with a dangerous weapon, and first-degree kidnapping. Defendant entered into the aforementioned plea agreement but retained the right to appeal the trial court's order that defendant enroll in satellite-based monitoring for sex offenders upon the completion of his sentence. On the convictions for first-degree kidnapping and second-degree sex offense, the judgments were consolidated, and defendant was sentenced to a term of 116 to 149 months in the custody of the North Carolina Department of Correction. For the armed robbery conviction, defendant was sentenced to a consecutive term of 103 to 133 months. Defendant appeals.

On appeal, defendant raises three issues: (I) whether the trial court lacked jurisdiction over defendant when it entered judgment; (II) whether defendant was denied effective assistance of counsel; and (III) whether the trial court erred by sentencing defendant as a level III felon. We address only issue I.

*I*

Defendant argues the trial court lacked jurisdiction over defendant where the Mecklenburg County Clerk's Office received the juvenile petitions charging defendant more than thirty days after the court counselor approved the petitions for filing, a jurisdictional violation of N.C. Gen. Stat. § 7B-1703. Furthermore, defendant argues that, because the district court established no jurisdiction, jurisdiction could not be transferred to Mecklenburg County Superior Court, and the convictions must be vacated. We agree.

Under, North Carolina General Statutes, section 7B-1703(b),

Except as provided in G.S. 7B-1706 [allowing diversion plans], if the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor.

N.C. Gen. Stat. § 7B-1703(b) (2007).

In *In re J.B.*, 186 N.C. App. 301, 650 S.E.2d 457 (2007), this Court held that a violation of N.C.G.S. § 7B-1703(b) is of jurisdictional consequence. There, pursuant to N.C.G.S. § 7B-1703(b), the juvenile court intake counselor received a complaint and made a timely de-

**STATE v. SMITH**

[202 N.C. App. 144 (2010)]

termination that a juvenile petition should be filed; however, the petition was not filed in the office of the clerk of court for more than thirty days after receipt of the complaint. We held that because of the delay the trial court lacked jurisdiction and the disposition order had to be vacated.

Here, the Mecklenburg County juvenile court counselor received the complaints filed against defendant on 26 February 2008. The determination to approve the petitions for filing was made 28 February 2008; however, the petitions were not filed with the Mecklenburg County Clerk of Court's Office until 4 April 2008, more than thirty days after the complaints against defendant were received by the court counselor. Therefore, because the petition was not "filed within, at a maximum, thirty days after receipt of the complaint," *In re J.B.*, 186 N.C. App. at 303, 650 S.E.2d at 458, the trial court lacked jurisdiction over the petitions and could not transfer jurisdiction to a superior court. Accordingly, the dispositions on these matters must be vacated.

Vacated.

Judges WYNN and McGEE concur.