*387
MEMORANDUM ORDER

J. MATTHEW MARTIN, Judge.
This matter came on for hearing before the undersigned Cherokee Court Judge on April 26, 2010, during the regularly scheduled session of Cherokee Juvenile Court, on the Juvenile’s Motion to Dismiss the Juvenile Petition. The Juvenile argues the Petition does not comport with the requirements of C.C. § 7A-8, which in turn creates a jurisdictional defect which deprives the Court of subject matter jurisdiction to adjudicate the Juvenile’s case. The Juvenile makes a number of other challenges to the Petition, none of which are dispositive of the case, and the Court will consequently limit its discussion to the issues raised by the challenge to the Petition under C.C. § 7A-8.
Present at the hearing were the Eastern Band of Cherokee Indians Department of Juvenile Services (the Tribe), and the Juvenile Sendees prosecutor, Hannah E. Smith, Esquire, Assistant Attorney General. Also present were the Juvenile, C.T., the Juvenile’s parents, and the Juvenile’s attorney, Christian N. Siewers, Jr., Esquire. In reaching its decision today, the Court takes judicial notice of the Court’s own records, including the Juvenile’s Court file in the above captioned case, as well as the Juvenile’s Court file in ease number JV 10-07, also entitled In the Matter of C.T., a Juvenile. After hearing oral arguments from counsel, and upon a careful review of the written materials submitted by the Tribe and by the Juvenile, including a review of the relevant case law submitted for the Court’s consideration, this matter is now ready for a ruling. *388 For the reasons set forth in detail below, the Court concludes as a matter of law that C.C. § 7A-8 creates a thirty day jurisdictional deadline within which the Juvenile Petition must be filed following the taking of the Juvenile Complaint. As such, the Tribe’s failure to file the Juvenile Petition within the time frame mandated by C.C. § 7A-8 creates a jurisdictional defect which deprives the Court of subject matter jurisdiction to adjudicate the Juvenile Petition.
The Court makes the following
FINDINGS OF FACT
1. The Court has jurisdiction to rule on the Juvenile’s Motion to Dismiss, including jurisdiction to determine whether the Court has subject matter jurisdiction.
2. On April 16, 2010, a Juvenile Petition in case number JV 10-20 was filed with the Clerk of Court alleging Juvenile C.T. committed the delinquent offenses of criminal mischief to property, injuring real property, and first degree trespass, upon the Qualla Boundary on or about September 27, 2009.
3. On January 6, 2010, a Juvenile Petition in case number JV 10-07 was filed with the Clerk alleging Juvenile C.T. committed the delinquent offenses of breaking and entering and injuring real property, upon the Qualla Boundary or about September 27, 2009.
4. The delinquency allegations contained in the Juvenile Petitions in case numbers JV 10-20 and JV 10-07 arose out of the same set of alleged factual circumstances on September 27, 2009.
5. The Juvenile Complaint in case number JV 10-07 was drawn by the Juvenile Services intake counselor on November 12, 2009.
6. The Juvenile Petition in case number JV 10-07 was not filed with the Clerk of Court until January 6, 2010.
7. C.C. § 7A-8(a), which governs evaluation decisions and the filing of Juvenile Complaints and Petitions with the Clerk, states in pertinent part that:
the evaluation of a particular complaint shall be completed within 15 days, with an additional extension of a maximum of 15 days at the discretion of the intake counselor/court counselor. The intake counselor must decide within this time period whether or not a complaint will be filed as a juvenile petition.
8. A total of 55 days passed from the time the Complaint was drawn by the intake counselor and was filed with the Petition with the Clerk in case number JV 10-07.
9. On March 30, 2010, at a hearing in case number JV 10-07, the Juvenile successfully moved to dismiss the Petition, alleging the Petition was improperly verified, thus depriving the Court of subject matter jurisdiction to pass upon the Petition.
10. In light of the dismissal of the Petition for its improper verification, the Court did not reach the Juvenile’s Motion to Dismiss the Petition on the grounds the Court lacked subject matter jurisdiction for incongruities with the filing of the Petition under C.C. § 7A-8.
11. On April 5, 2010, in case number JV 10-07, the Juvenile filed Motions for Review, Reconsideration, and Appropriate Relief, requesting the Court to rule on the arguments contained in the Juvenile’s Motion to Dismiss due to violations of C.C. § 7A-8.
12. Prior to a hearing being set on the Motions, on April 16, 2010, the Tribe subsequently filed a second Juvenile Petition against C.T. in case number JV 10-20, *389 which alleged the Juvenile was delinquent based upon the same acts of September 27, 2009 alleged in the Juvenile Complaint and Petition filed in case number JV 10-07.
13. On April 21, 2010, the Juvenile filed five Motions to Dismiss the Juvenile Petition, which were styled as follows: (1) Motion to Dismiss Juvenile Petition (Violation of C.C. § 7A—13(b)); (2) Motion to Dismiss Juvenile Petition (Failure to Properly Verify Petition); (3) Motion to Dismiss Juvenile Petition (Failure to File Complaint); (4) Motion to Dismiss Juvenile Petition (Violation of C.C. § 7A-8 and § 7A-14); (5) Motion to Dismiss Juvenile Petition (Violation of C.C. § 7A-8).
14. On April 26, 2010, the Tribe filed an Answer to the Juvenile’s Motions to Dismiss and moved the Court for leave to amend the Juvenile Petition in case number JV 10-20.
15. On April 26, 2010, the Court heard arguments on the Juvenile’s Motions to Dismiss.
16. After hearing arguments, the Court denied all of the Juvenile’s Motions except for the Juvenile’s Motion to Dismiss Juvenile Petition for the violation of C.C. § 7A-8, which the Court took under advisement. The Court granted the Tribe’s Motion to Amend.
17. C.C. § 7A-8, which governs evaluation decisions and requirements for filing Juvenile Complaints and Petitions in Juvenile delinquency cases on the Qualla Boundary, tracks closely, but not exactly, the language N.C. Gen.Stat. § 7B-1703, which governs the same in Juvenile delinquency cases in the State of North Carolina.
18. There is no case law in this Court regarding statutory interpretations of C.C. § 7A-8.
19. This Court is not directly bound by decisions of the appellate courts of North Carolina, however C.C. § 7—2(d) directs that the Court shall look to North Carolina case law? for guidance when there is no applicable case law in this jurisdiction, and the Court cannot resolve the matter by an examination of Cherokee Tribal norms, customs, or traditions.
20.The Court finds that Tribal norms, customs, or traditions are not pertinent to this case.
DISCUSSION
The question before the Court is wRether C.C, § 7A-8, which governs the evaluation process in juvenile cases, and the filing requirements of Juvenile Complaints and Petitions, creates a thirty day jurisdictional deadline within wRieh time the Juvenile Petition must be filed with the Clerk of Court after the Juvenile Complaint has been taken by the intake counselor. The Court concludes that the statute by its plain language creates a mandatory jurisdictional requirement. C.C. § 7A-8 reads as follows:
Evaluation decision.
(a) The evaluation of a particular complaint shall be completed within 15 days, with an extension of a maximum of 15 additional days at the discretion of the intake counselor/court counselor. The intake counselor must decide within this time period whether or not a complaint will be filed as a juvenile petition. If the intake counselor determines that a complaint should be filed as a petition, he shall assist the complainant when necessary with the preparation and filing of the petition, or help with the preparation and filing of the petition, shall endorse on it the date and the words “Approved for filing,” shall sign it beneath such words, and shall transmit it to the clerk. If the intake counselor determines that a petition should not be filed, he shall *390 immediately notify the complainant in writing with the reasons for his decision and shall include notice of the complainant’s right to have the decision reviewed by the prosecutor. The intake counselor shall then sign his name on the complaint beneath the words “Not approved.”
(b) Any complaint not approved for filing as a juvenile petition shall be destroyed by the intake counselor after holding the complaint for a temporary period to allow follow-up and review.
For the purposes of comparison, N.C. Gen.Stat. § 7B-1703, which governs the evaluation process in juvenile cases, and the filing requirements of Juvenile Complaints and Petitions in the State of North Carolina, reads as follows:
Evaluation decision.
(a) The juvenile court counselor shall complete evaluation of a complaint within 15 days of receipt of the complaint, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall decide within this time period whether a complaint shall be filed as a juvenile petition.
(b) Except as provided in G.S. 7B-1706, if the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall assist the complainant when necessary with the preparation and filing of the petition, shall include on it the date and the words “Approved for Filing”, shall sign it, and shall transmit it to the clerk of superior court.
(c) If the juvenile court counselor determines that a petition should not be filed, the juvenile court counselor shall notify the complainant immediately in writing with reasons for the decision and shall include notice of the complainant’s right to have the decision reviewed by the prosecutor. The juvenile court counsel- or shall sign the complaint after indicating on it:
(1) The date of the determination;
(2) The words “Not Approved for Filing”; and
(3) Whether the matter is “Closed” or “Diverted and Retained”.
Since 2006, the North Carolina Court of Appeals has issued numerous rulings on whether the failure of the court counselor to file a Juvenile Petition with the Clerk within fifteen days after taking the Juvenile Complaint (with an additional fifteen day extension available at the discretion of the court counselor, for a maximum jurisdictional time period of thirty days) deprives the Court of subject matter jurisdiction to adjudicate the Juvenile Petition. See In re J.A.G., - N.C.App. -, 690 S.E.2d 769 (COA09-462, February 2, 2010); State v. Smith, — N.C.App. -—-, 688 S.E.2d 75 (2010), stay granted, 363 N.C. 858, 364 N.C. 131, 693 S.E.2d 356 (2010); In re D.S., — N.C.App.-, 682 S.E.2d 709 (2009); In re W.W., 196 N.C.App. 177, 674 S.E.2d 480 (2009); In re D.R., 193 N.C.App. 610, 670 S.E.2d 644 (2008); In re W.H.P., 193 N.C.App. 454, 667 S.E.2d 341 (2008); In re K.W., 191 N.C.App. 812, 664 S.E.2d 66 (2008); In re C.M.W., 190 N.C.App. 205, 661 S.E.2d 327, disc. rev. denied, 362 N.C. 471, 665 S.E.2d 741 (2008); In re J.B., 186 N.C.App. 301, 650 S.E.2d 457 (2007); In re M.C., 183 N.C.App, 152, 645 S.E.2d 386 (2007); In re L.O., 178 N.C.App. 562, 631 S.E.2d 894 (2006).
*391 Jurisdiction is the legal power and authority of a court to make a decision that binds the parties to any matter properly brought before it. Black’s Law Dictionary 856 7th ed. (1999). A court must possess both personal and subject matter jurisdiction to proceed with litigation in a case and to subsequently enter a valid judgment. Personal jurisdiction is the power of a court to enter a judgment against a party to the litigation. See generally Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877). Subject matter jurisdiction is the power of a court to pass on the merits and nature of the case and type of relief sought. See In re T.R.P., 360 N.C. 588, 589, 636 S.E.2d 787, 790 (2006); Burgess v. Gibbs, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964) (“The issue of jurisdiction ... involves the determination by the court of its right to proceed with the litigation.”).
“A universal principle as old as the law is that the proceedings of a Court without jurisdiction over the subject matter are a nullity.” In re T.R.P., 360 N.C. at 590, 636 S.E.2d at 790. “Subject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act.” Id. A jurisdictional defect is “not a matter of form, but substance.” Id, Whether a court has subject matter jurisdiction over a court proceeding may be raised at any time. See In re S.E.P., 184 N.C.App. 481, 487, 488, 646 S.E.2d 617, 622 (2007). “Subject matter jurisdiction cannot be conferred upon a court by consent, waiver, or estoppel.” In re Sauls, 270 N.C. 180, 187, 154 S.E.2d 327, 333 (1967); see also Dorman v. EBCI, 7 Cher. Rep. 5, 9, n.3, —— Am. Tribal Law ——, -, 2008 N.C. Cherokee Sup.Ct, LEXIS, 2, 10 (2008).
The first published case from the North Carolina appellate courts to consider whether the failure of the juvenile court counselor to file a timely Petition in a juvenile delinquency case deprived the Court of subject matter jurisdiction to pass judgment on the case is In re M.C., 183 N.C.App. 152, 645 S.E.2d 386 (2007). In M.C., the appellate court vacated orders on adjudication and disposition where the Juvenile Complaint was drawn and verified on November 1, 2005, but “the Juvenile Petition was not filed with the Court on December 2, 2005. The time from the drawing of the Complaint to the filing of the Petition exceeded thirty days and fell afoul of the jurisdictional requirements of North Carolina law. The Court of Appeals held that the juvenile petition must be filed within a maximum of thirty days after the complaint is received by the juvenile court counselor.” Id. at 153, 645 S.E.2d at 387. With this jurisdictional defect, the only remedy available to the Court was vacating the orders and remanding the case for dismissal of the action. Id,
After In re M.C., several cases were decided by the Court of Appeals following the guideposts set out by the decision. One striking example of the necessity of timely a filed Juvenile Petition, and the consequences of the jurisdictional defect created by the failure of the proper statutory authorities to do so, was on display in the recently decided case of State v. Smith, -N.C.App, -, 688 S.E.2d 75 (2010), stay granted, 363 N.C. 858, 364 N.C. 131, 693 S.E.2d 356 (2010). In Smith, the Juvenile Petition was filed alleging the juvenile had committed first degree sexual offense, kidnapping, and robbery with a dangerous weapon. The court counselor received the Complaint on February 26, 2008, but did not file the Juvenile Petition with the Clerk of Court until April 4, 2008. Id.
Thereafter, on June 13, 2008, an order was entered transferring the matter from *392 juvenile court to superior court. The juvenile pled guilty in superior court to first degree kidnapping, second degree sex offense, and armed robbery, receiving a sentence of 219 to 282 months in the North Carolina Department of Corrections. The Court of Appeals vacated the conviction and sentence, noting that the Petition was not timely filed and therefore jurisdiction-ally defective, as it fell outside the statutory deadline:
Therefore, because the petition was not “filed within, at a maximum, thirty days after receipt of the complaint,” In re J.B., 186 N.C.App. at 803, 650 S.E.2d at 458, the trial court lacked jurisdiction over the petitions and could not transfer jurisdiction to a superior court. Accordingly, the dispositions on these matters must be vacated.
Id, In Smith, the Juvenile Petitions were filed just five days outside of the thirty day statutory time period, yet the Court of Appeals was bound by the law on subject matter jurisdiction to vacate a conviction and sentence on very serious crimes due to the jurisdictional defect created by the failure of the court counselor to file the Juvenile Petition in a timely fashion. The result in Smith recognizes a “universal principle as old as the law is that the proceedings of a Court without jurisdiction over the subject matter are a nullity.” In re T.R.P., 360 N.C. at 590, 636 S.E.2d at 790. The Court notes that the North Carolina Supreme Court has issued a stay of the Court of Appeals Opinion in Smith, and its corresponding precedential value is thus reduced.
In the case at bar, the first Petition was filed against the Juvenile C.T. in case number JY 10-07. The acts alleged in the Complaint and Petition to constitute delinquency occurred on September 27, 2009. The Complaint by was drawn by the intake counselor on November 12, 2009. The Petition was not filed with the Clerk of Court until January 6, 2010. A period of 55 days elapsed from the time the Complaint was drawn until the Petition was filed with the Clerk. When the first Petition was dismissed by the Court because it had been improperly verified, on April 16, 2010, the Tribe filed a second Petition against C.T., again alleging C.T. committed same delinquent activity on September 27, 2009 charged in the prior Petition. By then, 154 days had elapsed from the taking of the original Complaint to the filing of the new Petition.
The next question the Court must consider is: may the Tribe seek to correct the jurisdictional defects in the original Juvenile Petition with the filing of another Juvenile Petition? In re D.S., -N.C.App. -, 682 S.E.2d 709 (2009), involved the appeal of juvenile adjudication and disposition orders from an incident which arose on September 21, 2007. Two Complaints and Petitions were filed. The first Juvenile Complaint was drawn on September 25, 2007, alleging the juvenile had committed simple assault. The Petition was filed on October 10, 2007, within fifteen days of the Complaint being drawn. Id. at-, 682 S.E.2d at 710. The Court of Appeals affirmed the simple assault adjudication and the resulting order on disposition. Id. at-, 682 S.E.2d at 712.
However, in D.S., a second Complaint alleging sexual battery was later filed on November 15, 2007, and a second Petition alleging the same was filed on November 16, 2007. The allegations in the second Petition arose out of the same incident on September 25, 2007, from which the court counselor had previously filed the simple assault Petition. The Court deemed the second Petition untimely and dismissed it for lack of subject matter jurisdiction. Id. at -, 682 S.E.2d at 711. The Court concluded:
*393 In the case before us, the court counselor received all of the information regarding the allegations against Juvenile on 25 September 2007, but failed to act swiftly when he filed the second petition over 50 days later. Because it was untimely filed, the trial court did not have subject matter jurisdiction over the second petition alleging sexual battery. Therefore, the order adjudicating D.S. as a delinquent juvenile on the allegations of sexual battery must be vacated.

Id.

In the recently decided case of In re J.A.G., -N.C.App.-, 690 S.E.2d 769 (2010), the relevant facts are as follows: on August 15, 2008, a Juvenile Complaint was taken alleging the Juvenile to have committed delinquent acts. A Juvenile Petition was filed on September 12, 2008. The juvenile moved to dismiss the Petition for lack of subject matter jurisdiction, because the jurisdictional deadline had been abridged, resulting in an untimely filed Petition. Id.
The district court granted the motion to dismiss. However, a new Complaint was drawn on October 30, 2008, alleging juvenile delinquency based upon the same original acts which occurred on August 15, 2008. A new Juvenile Petition was filed on October 31, 2008. The trial court denied the Juvenile’s motion to dismiss the new Petition, stating it was proper for the State “to come back again after a dismissal and do it right.” Id.
The Court of Appeals flatly rejected this reasoning and dismissed the new Petition and vacated the juvenile orders of adjudication and disposition based upon the new Petition. Id. On appeal, the juvenile argued that the fifteen day window in which to file the Petition ran from the taking of the original Complaint, not the new Complaint which was filed after the first Petition had already been dismissed and (as is the case before this Court in the case at bar) was based solely on the same alleged original act, not on any new- act committed by the juvenile. Citing In re D.S., the Court of Appeals reversed the trial court’s decision to allow the newly filed Petition to proceed, and held:
Thus, the time limit for filing a juvenile petition begins to count down from the time that the court counselor “received all of the information regarding the allegations against [the j]uvenile.” Id. The D.S. panel clearly did not consider the time elapsed between the court counselor’s receipt of the complaint and the filing of the petition to be disposi-tive, while the time elapsed between the court counselor’s actual knowledge and the filing of the petition was. Accordingly, we hold that the trial court lacked subject matter jurisdiction to adjudicate J.A.G. delinquent and to enter a disposition order. For the reasons stated above, we vacate the adjudication and disposition orders.

Id.

The Tribe argues that the reasoning of the North Carolina appellate courts for dismissing Juvenile Petitions filed outside the mandatory thirty day jurisdictional framework for lack of subject matter jurisdiction should not be adopted by this Court. The Tribe contends that the Cherokee Code and the North Carolina General Statutes differ somewhat in language regarding evaluation procedures. The Tribe is correct that the Cherokee Code and the North Carolina General Statutes are not identical.
The language of C.C. § 7A-8(a) is mandatory, using the words shall, maximum, and must. Mandatory statutory language will not be cast aside lightly by the Court. N.C. GemStat. § 7B-1703(b) essentially contains a recitation of the pertinent language found in N.C. Gen.Stat. § 7B- *394 1703(a). Although the Cherokee Code lacks a recitation similar to that is found in N.C. Gen.Stat. § 7B-1703(b), the distinction is one without a difference. Any reading of C.C. § 7A-8(a), other than one which creates a clear statutory jurisdictional deadline within which time the Tribe must file the Juvenile Petition following the taking of the Juvenile Complaint, would reach a result which could, in effect, nullify the mandatory language in C.C. § 7A-8(a). Under well accepted rules of statutory construction, the Court must give the language of the Cherokee Code a plain reading.
The statute’s meaning is plain and unambiguous. The Tribe must timely file the Juvenile Petition under the jurisdictional deadline imposed by the plain language of C.C. § 7A-8(a). Failure to meet the deadline is a jurisdictional defect, and it is fatal to the ease. See e.g. In re T.R.P., 860 N.C. at 590, 636 S.E.2d at 790.
Here, the Tribe failed to meet the jurisdictional filing deadline clearly spelled out in C.C. § 7A-8(a) by waiting fifty-five (55) days from the time Juvenile Sendees took the Complaint until the Petition was filed with the Clerk of Court in case number JV 10-07. The jurisdictional defect created by the failure to meet the requirement that the Petition be timely filed deprives the Court of subject matter jurisdiction to adjudicate this case. The Tribe’s efforts to breathe new life into the case by filing a new Petition in case number JV 10-20 in an attempt to bypass the jurisdictional defects of the original Complaint and Petition are to no avail.
Finally, the Court notes that C.C. § 7A-1(b) requires that the Juvenile Code shall be construed “To provide procedures for the hearing of juvenile cases that ensure fairness and equity and that protect the constitutional rights of the juveniles and parental..]” The lesson learned for this Juvenile today is that the Tribal government must follow and uphold the law in the same way that any individual enrolled member or other resident of Tribal trust lands is required to do.
The law is clear. C.C. § 7A-8 has not been followed. The defect with the Juvenile Petition is jurisdictional in nature, and is thus deprives the Court of subject matter jurisdiction over the allegations in this Petition. The only remedy available to the Court is dismissal of the Juvenile Petition with prejudice. In re M.C., 183 N.C.App. at 153, 645 S.E.2d at 387.
Based upon the foregoing Findings of Fact, the Court makes the following
CONCLUSIONS OF LAW
1. The Court has jurisdiction to rule on the Juvenile’s Motions to Dismiss.
2. C.C. § 7A-8 creates a thirty day jurisdictional deadline within which the Tribe must file the Juvenile Petition following the taking of the Juvenile Complaint.
3. The Juvenile’s Motion to Dismiss the Juvenile Petition is GRANTED.
4. The Juvenile Petition is DISMISSED WITH PREJUDICE.
ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Juvenile’s Motion to Dismiss the Juvenile Petition is GRANTED and the Juvenile Petition in this case is DISMISSED WITH PREJUDICE.