*133 OPINION
DONALD OWEN COSTELLO, Chief Judge.
This is the court’s decision on defendants’ motion to dismiss plaintiffs complaint for personal injury. Having considered the parties’ written submissions and oral arguments, and additional legal authorities, the court finds it lacks subject matter jurisdiction over plaintiffs claim, and will enter an order and judgment dismissing the complaint with prejudice.
1
Plaintiff filed her complaint in this court on July 29, 2010.[1] She alleges she was injured on or about May 27, 2007 when she fell while on a shuttle bus operated by the Mill Casino and Hotel. Plaintiff seeks damages in tort from defendants Coquille Economic Development Corporation (the owner of the Mill Casino and Hotel) and Jane Doe (sued in her official capacity as an employee of same) (together referred to herein by the singular “CEDCO”).
CEDCO moves pursuant to Coquille Indian Tribal Code (CITC) 620.120(12)(a)(l) to dismiss plaintiffs complaint on four alternate grounds: (1) the court lacks subject matter jurisdiction over plaintiffs *134 complaint; (2) the complaint fails to state ultimate facts sufficient to constitute a claim; (3) the complaint is barred because the action has not been commenced within the time limited by statute; and (4) the complaint is barred because plaintiff neglected to assert this claim in a reasonable and justified time, resulting in harm and disadvantage to CEDCO.[2] The court finds it lacks subject matter jurisdiction over plaintiffs complaint and, therefore, does not address defendant’s three remaining grounds for dismissal.
2
The court must dismiss plaintiffs action “[i]f it appears by motion of the parties or otherwise that the Court lacks jurisdiction over the subject matter* * CITC 620,120{12)(g)(4). The court’s subject matter jurisdiction “is constrained by the law empowering [the court].” Metcalf v. The Coquille Indian Tribal Council, et al., Coquille Indian Tribal Court C08-06, June 18, 2009 Opinion, 9 Am. Tribal Law 1, 6. The court described the scope of its subject matter jurisdiction in Metcalf as follows:
* * * [t]he court is guided by well-reasoned federal court decisions outlining the parameters of federal court subject matter jurisdiction, which were decided under law similar to that of this Tribe. Thomas [v. Coquille Indian Tribe et al., Coquille Indian Tribal Court C03-001, March 9, 2004 Opinion and Order] at 4-6, — Am. Tribal Law -,- -. “It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction.” United States v. Bravo-Diaz, 312 F.3d 995, 997 (9th Cir.2002). “A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.” AZ International v. Phillips, 323 F.3d 1141, 1145 (9th Cir.2003) (quoting States v. Bravo-Diaz, 312 F.3d 995, 997 (9th Cir.2002)). See also Table Bluff Reservation v. Philip Morris, Inc., 256 F.3d 879 (9th Cir.2001). “Unless a grant of jurisdiction over a particular case affirmatively appears, we are presumed to lack jurisdiction.” National Treasury Employees Union v. Federal Labor Relations Authority, 112 F.3d 402, 404 (9th Cir.1997).
Metcalf v. The Coquille Indian Tribal Council, et al, supra, June 18, 2009 Opinion, 9 Am. Tribal Law at 7. In addition to being guided by federal court decisions, this court follows its own prior decisions. In Dawson v. Springer, Coquille Indian Tribal Court C02-001, June 26, 2003 Order, — Am. Tribal Law-, this court held that it lacked authority to fashion a remedy under the Indian Civil Rights Act absent express grant of legislative authority to do so.
To overcome CEDCO’S motion to dismiss, plaintiff must affirmatively show a legal basis for the court to exercise subject matter jurisdiction. The primary applicable law is found in the Constitution of the Coquille Indian Tribe. Const., Art. VII provides in pertinent part:
SECTION 1. ESTABLISHMENT. There shall be a tribal court. * ⅜ *
⅜ ⅜ * *
⅜ ‡ ⅜ *
SECTION 4. POWERS. The tribal court and such inferior courts as the tribal council may from time to time ordain and establish shall be empowered to exercise all judicial authority of the tribe.
*135 The judicial power of the Tribal Court shall extend to all cases and matters in law and equity arising under this constitution, the laws and ordinances of or applicable to the Coquille Indian Tribe and the customs of the Coquille Indian Tribe.
⅝ ⅜ ⅜ ⅜
Tribal legislation later developed Const. Art VII, § 4. The Coquille Tribal Court Ordinance, CITC Ch. 610, translates the term “all judicial authority of the tribe” into “jurisdiction”, and delineates it into three parts: territorial, personal and subject matter jurisdiction. Subject matter jurisdiction, at issue here, is governed by CITC 610.200(1)(a), which provides:
(a) Subject Matter Jurisdiction. The Tribal Court shall have civil jurisdiction over cases and matters in law and
equity arising under the following:
(1) Coquille Indian Tribe Constitution;
(2) Laws and Ordinances of the Tribe which contain express grants of jurisdiction to the Tribal Court;
(3) Customs of the Tribe;
(4) Indian Child Welfare Act, 25 U.S.C.1902 et seq., [sic]
(5) Any other federal statutes that grant jurisdiction to Tribal Courts and;
(6) Appealable decisions of any committee, commission, board or authority of the Tribe.
By creating six, distinct subject categories, Const. Art VII, § 4 and CITC 610.200(l)(a) define a limited and not general scope of subject matter authority. Plaintiff points to no law giving the court room to roam beyond it. Plaintiffs complaint alleges a claim arising in tort against a governmental corporation of the Coquille Indian Tribe. CEDCO contends the claim does not arise under the Tribal Constitution or the customs of the Coquille Indian Tribe, and that it does not involve the Indian Child Welfare Act, other federal statutes that grant jurisdiction to tribal courts, and appealable decisions of any committee, commission, board or authority of the Tribe. CEDCO suggests that the only possible basis for subject matter jurisdiction is CITC 610.200(l)(a)(2), “Laws and Ordinances of the Tribe which contain express grants of jurisdiction to the Tribal Court”. CEDCO argues that plaintiff must point to an ordinance or law containing an express grant over her claim, and contends that there is no such ordinance or law. Plaintiff offers no authority to the contrary. The court agrees with CED-CO’s position and analysis, and, consistent with its prior decision in Dawson, above, holds that it lacks subject matter jurisdiction over plaintiffs claim.
3
Plaintiff argues that statements made by counsel for CEDCO in Carlin v. Coquille Economic Developnmit Corp., et al, Coos County Circuit Court, Case No. 09CV0314 bar CEDCO from contesting subject matter in this case by operation of the doctrine of judicial estoppel. This court has not previously been asked to decide whether principles of estoppel can create subject matter jurisdiction where it otherwise does not exist. Plaintiff points to no authority to support a claim of subject matter jurisdiction by estoppel and the court has found none. CEDCO cites decisions from other jurisdictions holding that principles of estoppel “do not apply” to subject matter jurisdiction. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); Hajek v. Burlington Northern Railroad Company, 186 F.3d 1105, 1108 (9th Cir.1999) (“a party cannot estop itself into jurisdiction where none exists”); Wink v. Marshall, *136 237 Or. 589, 592, 392 P.2d 768 (1964) (“[jurisdiction cannot be conferred by the parties by consent, nor can it be cured by waiver, or by estoppel”); Carey v. Lincoln Loan Company, 342 Or. 530, 534, n. 2, 157 P.3d 775 (2007) (“[jjudicial estoppel does not prevent a party to a case from challenging a court’s subject matter jurisdiction, even after a party has invoked or consented to the jurisdiction of the court”). At least one tribal court is in accord. In re C.T., 8 Am. Tribal Law 386, 391 (Eastern Cherokee Court, May 5, 2010). The cited authorities from other jurisdictions are well-reasoned and persuasive. The creation of subject matter jurisdiction is the exclusive province of the law by which it is created and interpreted, and should not be subject to the vagaries of individual agreement and conduct. Positions and statements of CEDCO and its counsel in Carlin v. Coquille Economic Development Corp., et al do not create subject matter jurisdiction over this action and do not estop CEDCO from asserting lack of subject matter jurisdiction in this case.[3]
4
Const. Art. VI, § 1 vests the Coq-uille Indian Tribal Council with the tribe’s legislative authority.[4] As the original and sole judge of this court since its inception in 1997, the undersigned is familiar with all aspects of the court and its development, including the legislation that has been enacted by the tribal council to empower the court’s subject matter jurisdiction. The court takes judicial notice[5] of this legislation and of its incremental enactment.
The Coquille Indian Tribal Code currently extends tribal court subject matter jurisdiction over such matters[6] as: children, generally (Ch. 640); juvenile dependency (Ch. 641); termination of parental rights (Ch. 642); adoptions, guardianships and long-term care of children (Ch. 643); intergovernmental relationships for child welfare (Ch. 644); garnishment to enforce tribal court judgments and judgments of foreign jurisdictions (Ch. 647); civil violations of tribal law (Ch. 650); civil violations involving children (Ch. 651); trespass (Ch. 652); peacegiving (Ch. 655); violations of activities and use regulations pertaining to tribal parks and playgrounds. (Ch. 660); traffic ordinance and rules of the road (Ch. 675); marriage and domestic partnerships (Chs. 740 and 741); domestic relations: child and parent relationship, custody, modification, and related proceedings (Ch. 743); domestic relations: dissolution of marriage (Ch. 750); mortgage foreclosures and evictions on certain tribal lands (Resolution CY 9542); tribal enrollment (Ch. 192); tribal elections (Ch. 194); unauthorized gaming (Ch. 198); violations of tribal liquor control ordinance (Ch. 200); violations of tribal tobacco sales ordinance (Ch. 220); proceedings under tribal limited liability company ordinance (Ch. 230); tribal labor ordinance violations (Ch. 240); violations of “Coquille Crafted” ordinance (Ch. *137 250); emancipation (Ch. 350); conservator-ship and guardianship (Ch. 375); enforcement proceedings under private home ownership land leasing ordinance (Ch. 420); and full faith and credit, and comity provisions empowering the court to recognize the acts, orders and judgments of other jurisdictions, as in, for example, CITC 610.200(4) (generally) and 644.050 (juvenile matters).
Not found in the Coquille Indian Tribal Code is legislation authorizing an action of the type plaintiff has filed. If the present jurisdictional scheme proves insufficient to meet the needs of the Coquille Indian Tribe and its community, the proper body to address the issue is the Coquille Indian Tribal Council. CEDCO notes that neighboring tribes have enacted codes authorizing their respective tribal courts to exercise subject matter jurisdiction over tort claims against tribal entities. They include Confederated Tribes of the Coos, Lower Umpqua, and Siuslaw Indians, Tribal Code Chapter 2-7[7]; Confederated Tribes of Siletz Indians of Oregon, Tribal Code § 3.200[8]; Confederated Tribes of Grand Ronde, Tribal Code, § 255.6[9]; Cow Creek Band of Umpqua Tribe of Indians, Tribal Code, Title 4.
5
For the foregoing reasons, the court will enter an order and judgment dismissing plaintiffs complaint with prejudice.

. Plaintiff previously filed her claim against the defendants in state court. Karen Nissen v. Coquille Economic Development Corp., dba The Mill, and Jane Doe, Coos County Circuit Court, Case No. 09CV0422, That case was dismissed with prejudice by order and judgment of dismissal entered July 28, 2009 on the basis of defendants' sovereign immunity from suit in state court.

. As agreed by CEDCO’s counsel in a July 29, 2009 email to plaintiffs counsel, CEDCO has not raised sovereignty immunity as grounds for dismissal in this court.

. The court need not, and does not, decide whether positions and statements made by CEDCO and its counsel in Carlin would create an estoppel if the doctrine of judicial estoppel applied. There is nothing in the record to suggest disingenuousness or other impropriety in any statement or position asserted by CEDCO and its counsel, in both Carlin and this case.

. Some legislative authority, not applicable here, rests with the General Council (the adult members of the tribe).

. The incremental development of tribal court subject matter jurisdiction is a fact "not subject to reasonable dispute in that it is * * * [gjenerally known within the territorial jurisdiction of the tribal court" and "[cjapable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” Coquille Evidence Code, CITC 630.200, Rule 201(a) and (b).

. This list is not intended to be a complete survey.

. The Confederated Tribes of Coos, Lower Umpqua, and Siuslaw tort Claims Ordinance is available online at: http://www.ctclusi.org/ CTCLUSINEW/LinkClick. aspx?filetick-et=7juFlYj%2 brbs %3 &dtbid-l51 & mid=911.

. The Siletz Tribal Torts and Indian Civil Rights Act Ordinance is available online at: ht tp://www.ctsi.nsn.us/uploads/downloads/ Ordiances! Tot1s% 20°/p 20Indian% 20Rights% 20Act09-16-0S.pdf.

. The Grand Ronde Tribal Tort Claims Ordinance is available online at; httpd/weblink. grandronde.Org/PDF/r5atudvmm.fpdptfozkgihq 45/lffribal% 20 Tort% 20Claims% 20Ordi-ance.pdf